## McMahan, Appellant, v. Montour Railroad Co.

*Negligence—Railroads—Federal Safety Appliance Act of March 2, 1903, 32 Stat. 943—Interstate commerce.*

1. An action cannot be maintained in Pennsylvania under the Federal Safety Appliance Act of March 2, 1903, 32 Stat. 943, against a railroad company, where it appears that the railroad was located wholly in Pennsylvania, that it was connected at one point only with an interstate line, that it only occasionally received or delivered freight in interstate commerce, and that its own cars did not leave its line for employment in such commerce, and that as to the train involved it was not engaged in interstate commerce.

Argued March 20, 1925. Appeal, No. 65, March T., 1925, by plaintiff, from order of C. P. Allegheny Co.,

Oct. T., 1923, No. 1097, refusing to take off nonsuit, in case of Herman W. McMahan v. Montour Railroad Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*J. Thomas Hoffman,* with him *William J. Askin, Jr.,* for appellant.

*Don Rose* and *Jerome A. Miller,* for appellee, were not heard.

PER CURIAM, April 13, 1925: -

Plaintiff, in this action to recover for personal injuries, relies on the Federal Safety Appliance Act of March 2, 1903, 32 Statutes at Large 943; the court below held that the act did not apply, and granted a compulsory nonsuit, which it later refused to take off; hence this appeal.

Defendant, the Montour Railroad Company, is a Pennsylvania corporation possessing a single track railroad, "for the direct current of traffic," with necessary sidings; its line, located wholly within this State, connects at one point with the Pittsburgh & Lake Erie Railroad, an interstate line. Defendant at times transports interstate goods, but is engaged in such commerce only in the very limited sense that, occasionally, interstate shipments received from points outside the State of Pennsylvania are carried to places on its line, and such goods are at times received at points on its line for shipment to places outside the State. Defendant's railroad does not in any sense constitute a highway of interstate com-

merce, nor is it "connected with" (in the phraseology of the Federal Act) such commerce in a way to make it in effect an interstate line; and plaintiff admits that at the time of the accident neither he nor defendant was actually engaged in interstate commerce. In other words, defendant's line is not on the avenue of interstate commerce and cannot be accounted a link thereof; there is nothing in the evidence to show that cars belonging to defendant ever had left, or were likely to leave, its line for employment in such commerce; and, as to the train here involved, "Every car......was......empty...... without any load," and all had been received in that condition by defendant, at points within the State of Pennsylvania. Finally, during the course of the trial, counsel for plaintiff admitted that, even though some of these empty cars may have come from without the State, they, on the facts at bar, "would not have been [engaged in] interstate commerce so far as the Montour Railroad is concerned." In short, plaintiff, through his counsel, stated, "I rely on the Safety Appliance Act," meaning that he claimed the right to recover on the theory that defendant's railroad was so "connected with interstate commerce" as to bring its employees within the statute, whether or not they were actually engaged in such commerce at the time of injury.

We agree with the court below that the facts proved do not bring plaintiff within the act relied on, and it did not err in denying a right to recover in the present action. As said by the court below, "The State of Pennsylvania has made ample provision for employees, who are injured in the course of their employment, in what is known as the Workmen's Compensation Act; to the tribunal provided in that statute the plaintiff in this case has recourse, and, in our opinion, to it alone."

The order appealed from is affirmed.