[Civ. No. 6435. Second Appellate District, Division One.—January 20, 1931.]

EDWARD PECOR, Appellant, v. NORTON–LILLY COMPANY, Respondent.

242

J. S. LePage for Appellant.

J. L. Kearney for Respondent.

CONREY, P. J.—Judgment was entered dismissing the action after and pursuant to an order sustaining demurrer to complaint. From the complaint it appears that the plaintiff received certain injuries while engaged in work for the defendant. The facts alleged are sufficient to show that the injury arose out of and in the course of the employment, although there is no direct allegation to show this fact; and there is no attempt to state a cause of action based upon negligence of any kind.

By section 29a of the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 857), as amended and in force at the time of the accident referred to in the complaint, it was required that every employer (with exceptions not material here) shall secure the payment of compensation either by insuring against liability with an insurance carrier duly authorized therefor or by securing from the commission a certificate of consent to self insure. In subdivision (b) of said section 29 it is provided: "If any employer shall fail so to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the commission, and, in addition thereto, such injured employee or his dependents may bring an action at law against such employer for damages, the same as if this act did not apply. . . . " The complaint does not allege that the defendant did not at the time of the accident carry insurance against liability. On the contrary, the complaint admits that there was such insurance. The allegation is that "the defendant and its insurance company for such cases has failed and refused to pay him any com-

pensation under and by virtue of the Workmen's Compensation, Insurance and Safety Act of 1917 and the amendments thereto of 1919 of the state of California for and because of such injuries and damages, though plaintiff has demanded the same." It is the contention of appellant that this failure to pay constitutes a failure "to secure the payment of compensation" as required by said section 29, and that this gives him a right to bring his action at law in the superior court instead of making application for compensation by a proceeding before the Industrial Accident Commission. We are of the opinion that this contention of appellant is without merit, and that he has not alleged facts sufficient to show failure "so to secure the payment of compensation", within the meaning of that clause as found in said section 29 (b).

█ "The California Workmen's Compensation Act provides the only means by which an injured employee can recover compensation from his employer for injuries received in the course of and arising out of his employment, and it abrogates the common law liability of the master for such injuries in the cases to which it is applicable. . . . When the specified conditions exist, the remedy provided by the act is exclusive of all other statutory or common law remedies." (*Alaska Packers' Assn.* v. *Industrial Acc. Com.*, 200 Cal. 579, 583 [253 Pac. 926, 928].)

The judgment is affirmed.

Houser, J., and York, J., concurred.