# TIPTON *v.* ATCHISON, TOPEKA & SANTA FE RAILWAY CO.

No. 664.   Argued March 31, 1936.—Decided April 27, 1936.

*Mr. Herman A. Bachrack* submitted for petitioner.

142

144

*Mr. Leo E. Sievert,* with whom *Messrs. Robert Brennan* and *Charles H. Woods* were on the brief, for respondent.

Mr. Justice Roberts delivered the opinion of the Court.

The petitioner, a citizen of California, brought an action against the respondent in the Superior Court of the State to recover for injuries sustained in the course of his employment as a switchman. The complaint recites that the respondent, a Kansas corporation, is a common carrier by railroad in interstate commerce, authorized to transact business in California, and that the line on which the accident occurred is a highway of interstate commerce. The cause of petitioner's injury is alleged to have been a defective coupling apparatus upon a freight car, used in violation of the Federal Safety Appliance Acts.[1] The complaint does not state that, at the time of the accident, petitioner was engaged in interstate commerce. After removal to the federal court a demurrer was filed challenging the complaint for failure to state a cause of action. The demurrer was sustained and leave to amend refused. The Circuit Court of Appeals affirmed, holding that as the petitioner, when injured, was not engaged in interstate commerce, he may seek redress only

[1] March 2, 1893, c. 196, 27 Stat. 531, U. S. C. Tit. 45, §§ 1–7; March 2, 1903, c. 976, 32 Stat. 943, U. S. C. Tit. 45, §§ 8–10; April 14, 1910, c. 160, 36 Stat. 298, U. S. C. Tit. 45, §§ 11–16.

under the California workmen's compensation act.[2]   The petitioner sought review by this court on the ground that the decision conflicts with adjudications of the California courts sustaining the right to maintain an action for damages in like circumstances.   We granted certiorari.

.The Safety Appliance Acts impose an absolute duty upon an employer and prescribe penal sanctions for breach.   The earliest, that of 1893, affected only cars which were being used in interstate commerce.   By the Act of 1903 the duty was extended to all cars used upon any railroad which is a highway of interstate commerce.[3] The absolute duty imposed necessarily supersedes the common law duty of the employer.   But, unlike the Federal Employers' Liability Act, which gives a right of action for negligence, the Safety Appliance Acts leave the nature and the incidents of the remedy to the law of the states.[4]   The Safety Appliance Acts modify the enforcement, by civil action, of the employe's common law right in only one aspect, namely, by withdrawing the defense of assumption of risk.[5]   They do not touch the common or statute law of a state governing venue, limitations, contributory negligence, or recovery for death by wrongful act.[6]

---

[2] 78 F. (2d) 450.

[3] Section 1, U. S. C. Tit. 45, § 8; *Southern Ry. Co.* v. *United States,* 222 U. S. 20.

[4] *Moore* v. *Chesapeake & O. Ry. Co.,* 291 U. S. 205, 215–216.

[5] *Minneapolis, St. P. & S. S. M. Ry. Co.* v. *Popplar,* 237 U. S. 369, 372.

[6] *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 210 U. S. 281; *Schlemmer* v. *Buffalo R. & P. Ry. Co.,* 220 U. S. 590; *Minneapolis, St. P. & S. S. M. Ry. Co.* v. *Popplar,* 237 U. S. 369, 372; *Texas & P. Ry.* v. *Rigsby,* 241 U. S. 33; *Moore* v. *Chesapeake & O. Ry. Co.,* 291 U. S. 205; *Gilvary* v. *Cuyahoga Valley Ry. Co.,* 292 U. S. 57; *Fairport, P. & E. R. Co.* v. *Meredith,* 292 U. S. 589.

In *Texas & Pacific Ry. Co.* v. *Rigsby*, 241 U. S. 33, it was decided that, as the first Safety Appliance Act had been extended by later legislation to equipment used in intrastate transportation upon a railroad which is a highway of interstate commerce, an employe injured as the result of a violation of the act, in respect of a car so used, is entitled to recover for breach of the duty imposed on the carrier. Nothing more was there adjudicated. While the opinion discussed the power of Congress, in connection with such regulation of the instrumentalities of interstate commerce, not only to enlarge the common law duty of the employer and thus alter substantive rights of the employe, but also to afford a correlative remedy, the construction put upon the Safety Appliance Acts was that they remit the person injured to such remedy as the state law affords.

As respects an injury occurring during the course of employment in intrastate activities on a highway of interstate commerce, the question has arisen whether a state may substitute workmen's compensation for the common law or statutory action whereby damages could have been recovered for violation of the Safety Appliance Acts. A number of courts have interpreted the discussion in the *Rigsby* case as a denial of the power of the states to make the substitution.[7]

This court has recently reaffirmed the principle that the Safety Appliance Acts do not give a right of action

[7] *Ross* v. *Schooley*, 257 Fed. 290; *Director General* v. *Ronald*, 265 Fed. 138; *Flanigan* v. *Hines*, 108 Kan. 133; 193 Pac. 1077; *Kraemer* v. *Chicago &. N. W. Ry.*, 148 Minn. 310; 181 N. W. 847; *Ward* v. *Erie R. Co.*, 230 N. Y. 230; 129 N. E. 886; *Miller* v. *Reading Co.*, 292 Pa. 44; 140 Atl. 618; *Southern Pacific Co.* v. *Henderson*, (Tex. Civ. App.) 208 S. W. 561. Contra: *Delaware, L. & W. R. Co.* v. *Peck*, 255 Fed. 261.

for their breach but leave the genesis and regulation of such action to the law of the states. In *Moore* v. *Chesapeake & Ohio Ry. Co.*, 291 U. S. 205, it was held competent to a state to embody the provisions of the Federal Safety Appliance Acts in its own statute and to provide that an employe injured by violation of the federal acts should have a cause of action under the local statute. In *Gilvary* v. *Cuyahoga Valley Ry. Co.*, 292 U. S. 57, it was decided that an elective compensation act afforded appropriate redress to an employe injured in intrastate transportation as a result of violation of the Safety Appliance Acts; and it was said that those acts do not dictate or prescribe the method of the enforcement of the liability arising from the breach of the duty they impose, or extend to the field occupied by a state compensation act. In *Fairport, P. & E. R. Co.* v. *Meredith,* 292 U. S. 589, an action in a state court, based upon a violation of the Safety Appliance Acts, this court held the application of the doctrines of contributory negligence and last clear chance by the state court raised no federal questions reviewable here.

In *McMahon* v. *Montour R. Co.*, 270 U. S. 628, cited by the petitioner, the judgment of the state court was reversed, not because that court had held that remedy for breach of the duty imposed by the Safety Appliance Acts was afforded by the state workmen's compensation law, but because of its erroneous decision that the federal acts were inapplicable to the cars used in intrastate operations of the railroad, although it was a highway of interstate commerce.[8]

California is at liberty to afford any appropriate remedy for breach of the duty imposed by the Safety Appliance Acts. Her choice in the matter raises no federal question and the federal courts are as much bound as those of

---

[8] *McMahan* v. *Montour R. Co.*, 283 Pa. 274, 276; 128 Atl. 918.

California to conform to the remedial procedure she has adopted. There is nothing to prevent her prescribing workmen's compensation, elective or compulsory, in lieu of a common law or statutory action for disability or death arising from a breach of the duty imposed. The question is: has California, as the petitioner insists, excepted from the scope of her workmen's compensation act injuries sustained by an employe engaged in intrastate transportation? The Circuit Court of Appeals thought she had not. Whether this conclusion is right depends upon the force and effect of two District Court of Appeal decisions, which the Supreme Court of the State refused to review.

Ballard v. Sacramento Northern Ry. Co., 126 Cal. App. 486; 14 P. (2d) 1045, 15 P. (2d) 793, was an action by the administratrix of a brakeman who was killed as a result of a violation of the Safety Appliance Acts. The defendant's railroad was a highway of interstate commerce but the decedent was not engaged in interstate commerce at the time of the accident. The complaint contained no count based upon the Federal Employers' Liability Act. Nevertheless, the court in affirming a judgment for the plaintiff, dealt with the trial court's charge as to contributory negligence as if the action were one brought under the Federal Employers' Liability Act,[9] and referred to the amending Act of 1910,[10] conferring on state and federal courts concurrent jurisdiction of actions for damages under the Liability Act, which has no bearing upon actions brought under the Safety Appliance Acts.

The railway company insisted that the state workmen's compensation act afforded the only redress for the decedent's death. In overruling the contention the court cited Smithson v. Atchison T. & S. F. Ry. Co., 174 Cal.

[9] April 22, 1908, c. 149, 35 Stat. 65, U. S. C. Tit. 45, §§ 51–59.
[10] April 5, 1910, c. 143, 36 Stat. 291, U. S. C. Tit. 45, §§ 56–59.

148; 162 Pac. 111, a case dealing not with the Safety Appliance Acts but with the Employers' Liability Act, saying that the two statutes correspond in force and effect. The court added (p. 495):

"By subdivision 'C' of section 69 of the Workmens' Compensation Act, it is expressly provided that where interstate commerce questions are presented, resort to the courts is not prohibited."

In *Walton* v. *Southern Pacific Co.*, 8 Cal. App. (2d) 290; 48 P. (2d) 108, plaintiff as administratrix sued for the death of her husband, an employee of the defendant. The first and third counts were based upon the Federal Employers' Liability Act; alleged the decedent and the defendant were engaged in interstate commerce at the time of the accident; and described the negligence alleged to have caused the decedent's death. The second count was founded upon the Federal Boiler Inspection Act.[11] A trial resulted in a judgment for the plaintiff. Holding that the decedent was not engaged in interstate transportation, the court proceeded to discuss the count framed under the Boiler Inspection Act. It overruled the defendant's contention that the cause of action was barred, basing its decision upon the section of the state code of civil procedure limiting the time within which to bring an action for death. In this connection the court referred to *Moore* v. *Chesapeake & Ohio Ry. Co.*, *supra*, as deciding that the Safety Appliance Acts do not affect the time of bringing suit or govern the right to recover for death; and also noted the statement in *Gilvary* v. *Cuyahoga Valley Ry. Co.*, *supra*, that the right to recover damages sustained by the injured employe "sprang from the principle of the common law" and was left to be enforced accordingly or, in the case of death, "according to the applicable statute,"

[11] U. S. C. Tit. 45, §§ 22–34.

and that the safety acts "do not extend to the field occupied by the State Compensation Act." Correctly holding that the same principles apply in an action under the Boiler Inspection Act as in one under the Safety Appliance Acts, the court said that the former does not purport to provide remedial procedure where it is invoked as a ground of recovery for death caused in an intrastate operation, and added: "Hence, in an intrastate case such as this, the state law applies." Dealing with the defendant's contention respecting the Workmen's Compensation Act, the court said (p. 115):

"The appellant's contentions that the sole remedy of an employee of a common carrier, engaged in interstate transportation, or, in this case, of his personal representative, where, at the time of the injury, the employee was not engaged in interstate transportation, but under circumstances where there has been a violation of duty imposed by the Boiler Inspection Act, is under the State Workmen's Compensation Act are untenable (St. 1917, p. 831, as amended). The evidence here shows that the accident happened on a highway of interstate commerce. . . .

"Under the authority of *Ballard* v. *Sacramento Northern Railway Co.*, 126 Cal. App. 486, 14 P. (2d) 1045, 15 P. (2d) 793, the instant suit is maintainable."

If these decisions of intermediate courts of appeal, and the refusal of the Supreme Court of California to review them, amount to no more than a judicial construction of the compensation act as having, by its terms, no application in the circumstances, they are binding authority in federal courts.[12] If, on the other hand, the state courts excluded railroad employees injured in intrastate operations from the benefits of the compensation act, not as a matter of construction of the statute, but because they thought the Safety Appliance Acts required the State to

---

[12] *Burns Mortgage Co.* v. *Fried*, 292 U. S. 487, 492.

afford a remedy in the nature of an action for damages, then the court below was right in disregarding that erroneous construction of the federal acts.[13]

In the *Ballard* case the court thought the Safety Appliance Acts, in addition to imposing a duty, afforded a remedy, and to deny that remedy would be to disregard the mandate of the federal statutes. It was proper, in this view, to construe the language of the compensation act accordingly. In the *Walton* case, while holding the Boiler Inspection Act irrelevant upon the question of the appropriate remedy, the court denied the application of the workmen's compensation law, upon the authority of the *Ballard* case.

The Supreme Court of the State refused to review either of the cases although this court had recently defined the scope of the Safety Appliance Acts in the *Moore* and *Gilvary* cases. If we were convinced that the court acted solely upon a construction of the workmen's compensation law, uninfluenced by the decisions following the supposed authority of the *Rigsby* case, we should not hesitate to hold United States courts bound by such construction of the state statute. But the terms of the state compensation law, and the California decisions construing it, lead us to doubt that this is so.

The act, in § 6, provides: [14]

"(a) Liability for the compensation provided by this act, in lieu of any other liability whatsoever to any person, shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment . . .

"(b) Where such conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this act, shall be the exclusive remedy against the employer for the injury or death; . . . "

---

[13] *Red Cross Line* v. *Atlantic Fruit Co.*, 264 U. S. 109, 120.

[14] II Deering's General Laws of California, pp. 2276–7.

Section 69 provides:[15]

"(c) *Employers engaged in interstate commerce.* This act shall not be construed to apply to employers or employments which, according to law, are so engaged in interstate commerce as not to be subject to the legislative power of the state, or to employees injured while they are so engaged, except in so far as this act may be permitted to apply under the provisions of the Constitution of the United States or the acts of Congress."

Thus, by its plain terms, the compensation law embraces injuries to an employe circumstanced as was the petitioner in this case. Employers or employments in interstate commerce (the phrase used) obviously signifies situations covered by the Federal Employers' Liability Act which gives a right of action for breach. The phrase does not exclude injuries consequent upon violation of the Safety Appliance Acts in intrastate commerce and the remainder of the section evinces a determination that the compensation act shall govern the rights of employes in interstate commerce so far as permissible under the federal laws.[16] As has been shown, these laws do not forbid its application in the instant case.

The Supreme Court of California has repeatedly declared the purpose and effect of the compensation act.

"The enactment substitutes a new system of rights and obligations for the common-law rules governing the liability of employers for injuries to their workmen. The change thus made is radical, not to say revolutionary. In place of the old action, in which the employer was liable only if he, or someone representing him, had been guilty of negligence or misconduct, the new law imposes upon the employer a liability for any accidental injuries to his employees arising out of the employment—a liability not

---

[15] II Deering's General Laws of California, p. 2316.

[16] Compare *Boston & M. R. Co.* v. *Armburg*, 285 U. S. 234.

154

conditioned upon any negligence of the employer, or any want of negligence on the part of the employee."[17]

"The California Workmen's Compensation Act provides the only means by which an injured employee can recover compensation from his employer for injuries received in the course of and arising out of his employment, and it abrogates the common-law liability of the master for such injuries in the cases to which it is applicable. (*Netherlands American Steam Nav. Co.* v. *Gallagher,* 282 Fed. 171, 183.) The obvious intent of the act was to substitute its procedure for the former method of settling disputes arising between those occupying the strict relationship of master and servant, or employer and employee, by means of actions for damages. (*Cooper* v. *Industrial Acc. Com.,* 177 Cal. 685, 687 [171 Pac. 684].) It substitutes a new system of rights and obligations for the common-law rules governing the liability of employers for injuries to their employees. (*Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, 692 [151 Pac. 398].) When the specified conditions exist, the remedy provided by the act is exclusive of all other statutory or common-law remedies. (*DeCarli* v. *Associated Oil Co.,* 57 Cal. App. 310 [207 Pac. 282].)" [18]

We are not persuaded that if the state courts had thought that California was free to ordain a plan of workmen's compensation in lieu of an action for damages for breach of the duty imposed by the Safety Appliance Acts they would have restricted the scope of the Workmen's

---

[17] *Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, 692; 151 Pac. 398.

[18] *Alaska Packers Assn.* v. *Industrial Accident Comm'n,* 200 Cal. 579, 583. See also *Treat* v. *Los Angeles G. & E. Corp.,* 60 Cal. App. 466; *Treat* v. *Los Angeles G. & E. Corp.,* 82 Cal. App. 610; *Pecor* v. *Norton-Lilly Co.,* 111 Cal. App. 241; *Butler* v. *Wyman,* 128 Cal. App. 736; *Burton* v. *Union Oil Co.,* 129 Cal. App. 438.

Compensation Act as was done in the *Ballard* and *Walton* cases. A definite and authoritative decision that its scope is so limited, and that the appropriate remedy under state law is an action for damages, will, of course, be binding upon federal courts. In the absence of such a pronouncement we are of opinion the Circuit Court of Appeals committed no error in construing the Workmen's Compensation Act as affording the only remedy available to the petitioner.

The judgment is

*Affirmed.*

MR. JUSTICE CARDOZO concurs in the result upon the authority of *Gilvary* v. *Cuyahoga Valley Ry. Co.*, 292 U. S. 57.