## GERAGHTY v. LEHIGH VALLEY R. CO.
### No. 296.

Circuit Court of Appeals, Second Circuit.

May 18, 1936.

See, also, 11 F.Supp. 378.

Alexander & Green, of New York City (Clifton P. Williamson and H. S. Ogden, both of New York City, of counsel), for appellant.

Thomas J. O'Neill, of New York City (John V. Higgins, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

This action is for damages due to negligent acts resulting in the death of appellee's intestate. Appellant was charged with violations of the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59), and the Federal Safety Appliance Acts 1893, § 2, and 1903, § 1 (45 U.S.C.A. §§ 2, 8).

The accident to the decedent occurred while he was engaged in handling cars upon the appellant's railroad tracks in the yards of an industrial plant, at Perth Amboy, N. J., where the appellant's engine and crew, including the intestate, were shifting five cars loaded with interstate shipments of lead, delivered to the yards the day previously. At the time the cars were so shifted, two had been weighed and unloaded. The unloaded cars were in the plant's converter building and the other three had been held on a storage track. The appellee's intestate was a freight conductor in charge of the crew and had orders to remove the two empty cars from the converter building and to replace them with the three loaded cars. In proceeding to carry out these orders, the switch engine hauled the three cars to a point on the track near the converter building, and then uncoupled and backed into the converter track to get the two unloaded cars out of the way. There were several flat cars owned by the industrial company between the engine and these cars. One of the flat cars was coupled to the two unloaded cars. It was necessary to couple a string of four other flat cars to this car to pull out the two unloaded cars. Intestate gave signals to the engineer for this coupling and stepped between the cars as they were about to meet. They came together and made a coupling at the first impact, but the intestate was so badly crushed in this operation that he died as a result of the injuries then received. It was necessary for him to go between the cars to adjust the couplers and he was crushed because the couplers were defective. The evidence supports a finding of such defect.

We have held on a prior appeal, upon proof substantially the same as in this present record, that the appellee was not engaged in interstate commerce and not entitled to the benefit of the Federal Employers' Liability Act. Geraghty v. Lehigh V. R. R. Co. (C.C.A.) 70 F.(2d) 300. The court below, however, held that in hauling cars with defective couplers there was a violation of the Safety Appliance Act and that the appellee could recover irrespective of his engagement at the time, or that of the appellant, in interstate commerce.

In Tipton v. Atchison, Topeka & Santa Fe Ry. Co., 56 S.Ct. 715, 716, 80 L.Ed. —, decided by the Supreme Court on April 27, 1936, a railroad switchman, while engaged in intrastate commerce, was in-

jured in California due to a defective coupling apparatus upon a freight car in violation of the Federal Safety Appliance Act. A demurrer to the complaint, which failed to allege employment in interstate commerce, was sustained and the Circuit Court of Appeals (Ninth Circuit) affirmed in 78 F.(2d) 450. California has a Workmen's Compensation Act which did not except from its terms but embraced injuries to employees circumstanced as was the intestate. In affirming the judgment below, the Supreme Court said: "The Safety Appliance Acts impose an absolute duty upon an employer and prescribe penal sanctions for breach. The earliest, that of 1893, affected only cars which were being used in interstate commerce. By the Act of 1903, the duty was extended to all cars used upon any railroad which is a highway of interstate commerce. The absolute duty imposed necessarily supersedes the common-law duty of the employer. But, unlike the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59), which gives a right of action for negligence, the Safety Appliance Acts leave the nature and the incidents of the remedy to the law of the states. The Safety Appliance Acts modify the enforcement, by civil action, of the employee's common-law right in only one aspect; namely, by withdrawing the defense of assumption of risk. They do not touch the common or statute laws of a state governing venue, limitations, contributory negligence, or recovery for death by wrongful act."

After reviewing the recent cases dealing with the Safety Appliance Act (Gilvary v. Cuyahoga Valley R. Co., 292 U.S. 57, 54 S.Ct. 573, 78 L.Ed. 1123; Fairport, etc., R. Co. v. Meredith, 292 U.S. 589, 54 S.Ct. 826, 78 L.Ed. 1446; Moore v. Chesapeake & O. Ry. Co., 291 U.S. 205, 54 S. Ct. 402, 78 L.Ed. 755; McMahon v. Montour R. Co., 270 U.S. 628, 46 S.Ct. 207, 70 L.Ed. 769; Texas & Pacific R. Co. v. Rigsby, 241 U.S. 33, 36 S.Ct. 482, 60 L. Ed. 874), the court announced the principle that the Federal Safety Appliance Acts (45 U.S.C.A. § 1 et seq.) leave the nature and incidents of the remedy to the law of the states and that the states are at liberty to afford any appropriate remedy for breach of duty imposed by the acts. The federal courts are bound to conform to the remedial procedure the state adopted. And, further, that there is nothing to prevent the state prescribing workmen's compensation elective or compulsory in lieu of the common-law or statutory action for disability or death arising from a breach of the duty so imposed.

The New Jersey Compensation Act (Laws N.J.1911, cc. 95, 368 [Comp.St.Supp. 1924, § **236—36, and Comp.St.Supps. § **236—1 et seq.]), by its terms, creates a system to be enforced by the courts of the state which have jurisdiction in the several cases. The employee is required to give notice of the injury to the employer within a fixed time; compensation awards are fixed according to the injury and the fixed proportion of the employee's daily wage for a fixed number of weeks. This compensation may be commuted by the court into one or more lump sums. The court settles, at the request of either party, any dispute about compensation. Unless an employee, or an employer, gives notice before the accident that he declines to be bound by the compensation provisions, these shall govern and shall be exclusive. The act was held constitutional in Sexton v. Newark District Telegraph Co., 84 N. J.Law, 85, 86 A. 451, 455; Id., 86 N.J.Law, 701, 91 A. 1070. The court said: "No coercion was exercised by the Legislature upon either party to the contract of hiring. It is left entirely optional with them whether they will stand upon the first or second sections of the act. If both parties to the contract of hiring agree to operate under the second section [the compensation section], neither can complain. If they do not agree, then by appropriate proceedings the dissatisfied party may operate under section 1 of the act. * * * The Legislature has seen fit to adopt a presumptive rule, leaving the parties to overcome the presumption by their own act, if they desire to do so. It has also seen fit to adopt the presumption in favor of section 2, no doubt because it was thought that that offered the fairest basis for both employer and employee."

Since the appellant's intestate was not engaged in interstate commerce and could recover only for a violation of the Safety Appliance Act, and since nothing in the Safety Appliance Act forbids the application of the New Jersey Workmen's Compensation Law, that law affords the only remedy available to appellee and precludes a recovery in this action.

Judgment reversed, with directions to dismiss the original and amended and supplemental complaints.