CENTRAL R. R. OF NEW JERSEY v. BREISCH.

No. 7179.

Circuit Court of Appeals, Third Circuit.

June 3, 1940.

JONES, Circuit Judge, dissenting.

596

Henry B. Friedman, of Allentown, Pa., for appellant.

Fred B. Gernerd, of Allentown, Pa., for appellee.

Before BIGGS, CLARK, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

The appellee, Breisch, a citizen of Pennsylvania, was injured while employed as a conductor by the appellant, Central Railroad of New Jersey, a corporation of New Jersey. A freight car which was being shifted towards a scales in the yard of American Steel & Wire Company at Allentown, Pennsylvania, broke loose from the drill engine. The appellee jumped on the car and endeavored to stop it by using the hand brake. The brake was defective and the car collided with another, throwing the appellee to the ground, seriously injuring him. It is conceded that the car upon which the appellee was riding was engaged in a wholly intrastate movement. The appellant railroad is clearly a highway in interstate commerce. There was ample evidence upon which the jury could find that the hand brake was defective. Judgment was rendered for the appellee in a substantial amount. The appeal at bar followed.

Jurisdiction of the cause is based upon diversity of citizenship, the amount in controversy exceeding $3,000.

The complaint alleges that the appellant is liable to the appellee by reason of its negligence in hauling a car not equipped with efficient hand brakes as required by the Act of April 14, 1910, c. 160, Sec. 2, 36 Stat. 298, 45 U.S.C.A. § 11. See also U.S.C. Title 45, Secs. 12–16, 45 U.S.C.A. §§ 12–16. The appellant contends that the appellee is not entitled to maintain his action under the Safety Appliance Acts and that his sole remedy lies in the Pennsylvania Workmen's Compensation Act of 1915, P.L. 736. See Sections 302(a) and 303, 77 P.S. §§ 461, 481. The first section referred to provides in part that it shall be conclusively presumed that the parties to a contract of hiring have accepted the provisions of article three of the Act and have agreed to be bound thereby. Section 303 provides that, "Such agreement shall constitute an acceptance of all the provisions of article 3 of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death * * *". Article 3 referred to constitutes the elective compensation provisions of the Act. P.L. 736, Art. III, Sec. 301 et seq., 77 P.S. § 411 et seq.

As was made plain by Mr. Justice Roberts in the case of Tipton v. Atchison, T. & S. F. R. Co., 298 U.S. 141, 146-148, 56 S.Ct. 715, 716, 80 L.Ed. 1091, 104 A.L.R. 831, the Safety Appliance Acts as now constituted apply to all cars used upon railroads which are highways of interstate commerce and the duty thus imposed necessarily supersedes the duty of the employer at common law. Mr. Justice Roberts went on to state, "But, unlike the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59), which gives a right of action for negligence, the Safety Appliance Acts leave the nature and the incidents of the remedy to the law of the states." The origin and application of a right of action in an employee by reason of breach of the Acts rests in the law of the States. The negligence charged in the case at bar was the appellant's violation of Section 2 of the Act of April 14, 1910. This, however, is only one of the elements which, like any other act of negligence, will go to support the appellee's right of action. It follows therefore that if the Pennsylvania Workmen's Compensation Act supplies the exclusive remedy of the appellee, he may not maintain the action at bar.

Were we determining as an original question whether the Pennsylvania Workmen's Compensation Law supplies the appellee with his sole remedy, we would conclude that it did so for its terms are entirely unambiguous and clearly seem applicable under the circumstances. This question, however, has been considered by the Supreme Court of Pennsylvania, acting seemingly under a misapprehension of the nature of the decision of the Supreme Court of the United States in the case of McMahon v. Montour R. Co., 270 U.S. 628, 46 S.Ct. 207, 70 L.Ed. 769. In the McMahon case in the Supreme Court of Pennsylvania (283 Pa. 274, 276, 128 A. 918) it was held that the remedy for a breach of duty imposed by the Safety Appliance Acts lay in the Pennsylvania Workmen's Compensation Act. The Supreme Court of Pennsylvania held also, however,

that the provisions of the Safety Appliance Acts were inapplicable to railroad cars used in intrastate operations of the railroad even though the railroad was a highway of interstate commerce. This is pointed out by Mr. Justice Roberts in the Tipton case, 298 U.S. at page 148, 56 S.Ct. 715, 80 L.Ed. 1091, 104 A.L.R. 831. Due to an apparent misapprehension of the basis of its reversal by the Supreme Court in McMahon v. Montour R. Co., the Supreme Court of Pennsylvania in Miller v. Reading Company, 292 Pa. 44, 140 A. 618, held that the claim of an injured employee of an interstate railroad was not cognizable under the State Compensation Act if the employee was injured by reason of a defective appliance upon a car engaged in a purely intrastate movement.

The appellant takes the position that the decision in the Miller case is not binding upon us, citing the Tipton case, as authority for his contention. The Tipton case deals with a situation closely analogous to that at bar. In the case of Texas & Pacific Ry. Co. v. Rigsby, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874, the Supreme Court held that the first Safety Appliance Act had been extended by later legislation to cover equipment used in intrastate transportation upon railroads which were highways of interstate commerce. Two District Courts of Appeal of California misinterpreted this decision. In the case of Walton v. Southern Pacific Co., 8 Cal. App.2d 290, 48 P.2d 108, 115, it was held that the right of an injured employee to recover damages sustained by reason of a violation of the Federal Boiler Inspection Act (U.S.C.Tit. 45, Secs. 22–34, 45 U.S.C.A. §§ 22–34), applicable as are the Safety Appliance Acts, did not " * * * extend to the field occupied by the * * * Compensation Act" of the State of California (2 Deering's General Laws of California, pp. 2276, 2277) and that the employer's contention that the sole remedy of the employee was under the State Compensation Act was untenable. In Ballard v. Sacramento Northern Ry. Co., 126 Cal. App. 486, 14 P.2d 1045, 15 P.2d 793, another District Court of Appeal concluded that the Safety Appliance Acts imposed not only a duty upon the employer, but gave the employee a remedy as well and that to deny him such remedy would be to disregard the provisions of federal law. The Supreme Court of California refused to review either the Walton case or the Bal-

lard case. The Workmen's Compensation Act of California, though differing somewhat in the language of its provisions from the Pennsylvania Workmen's Compensation Law, none the less is similar in substance upon the point sub judice. In the Tipton case Mr. Justice Roberts, referring to Walton and Ballard cases, stated in 298 U.S. at page 151, 56 S.Ct. at page 719, 80 L.Ed. 1091, 104 A.L.R. 831, "If these decisions of intermediate Courts of Appeal, and the refusal of the Supreme Court of California to review them, amount to no more than a judicial construction of the [California] Compensation Act as having, by its terms, no application in the circumstances, they are binding authority in federal courts. If, on the other hand, the state courts excluded railroad employees injured in intrastate operations from the benefits of the Compensation Act, not as a matter of construction of the statute, but because they thought the Safety Appliance Acts required the state to afford a remedy in the nature of an action for damages, then the court below was right in disregarding that erroneous construction of the federal acts." Mr. Justice Roberts also stated, 298 U.S. at page 152, 56 S.Ct. at page 719, 80 L.Ed. 1091, 104 A.L.R. 831, "If we were convinced that the court acted solely upon a construction of the Workmen's Compensation Law, uninfluenced by the decisions following the supposed authority of the Rigsby Case, we should not hesitate to hold United States courts bound by such construction of the state statute. But the terms of the state Compensation Law, and the California decisions construing it, lead us to doubt that this is so.", and "We are not persuaded that if the state courts had thought that California was free to ordain a plan of workmen's compensation in lieu of an action for damages for breach of the duty imposed by the Safety Appliance Acts they would have restricted the scope of the Workmen's Compensation Act as was done in the Ballard and Walton Cases. A definite and authoritative decision that its scope is so limited, and that the appropriate remedy under state law is an action for damages, will, of course, be binding upon federal courts."

In Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 120, 44 S.Ct. 274, 276, 68 L.Ed. 582, the Supreme Court was passing upon a decision of the Court of Appeals of New York which held that

the Arbitration Law of New York, Consol. Laws, c. 72, enacted April 19, 1920, c. 275, and amended March 1, 1921, c. 14, did not extend to controversies within the admiralty jurisdiction. Mr. Justice Brandeis stated: "But a reading of the whole opinion shows that the state court excluded maritime contracts from the operation of the law, not as a matter of statutory construction, but because it thought the Federal Constitution required such action." The Supreme Court thereupon reversed the judgment of the Court of Appeals of New York. See also State Industrial Commission of State of New York v. Nordenholt Corporation, 259 U.S. 263, 42 S. Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013, and Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A. 1918C, 451, Ann.Cas.1917E, 900.

We therefore must determine whether the Supreme Court of Pennsylvania in Miller v. Reading Company was making a judicial construction of the Pennsylvania Workmen's Compensation Act, its applicability to an employee injured in an accident occurring in Pennsylvania, or was in substance construing the Safety Appliance Acts. The Court stated, 292 Pa. at pages 47, 48, 140 A. at page 619: "But the [Compensation] act, carrying with it a presumption of acceptance of its terms, did not interfere with rights acquired by the congressional legislation, which supersedes the law of the state upon matters within its terms." The Court also stated, 292 Pa. at page 48, 140 A. at page 620: "The argument is made that, though the Workmen's Compensation Law is inapplicable to a case falling within the scope of the Federal Employers' Liability Law, because then interstate commerce is involved, yet the same is not true where the accident occurs in an intrastate movement, for in such instances the local legislation must fix the relative rights of the master and servant. Congress has seen fit to provide that certain appliances shall be used by railroads engaged in business between the states, or connected with others furnishing such service, and, for the protection of all, the performance of certain duties is made requisite. Recovery may be had by employees, irrespective of the character of their work at the particular moment of injury, when there has been a violation of the requirements as to the use of safety appliances. These rights of the one injured are not affected by the Workmen's Compensation Act, for the same underlying reasons which led to the conclusion that the Federal Employers' Liability Act may notwithstanding be enforced. McMahon v. Montour R. Co. supra."

The Court also stated: "The act of Congress gave to the employee rights not granted under state laws and our courts have frequently sustained proceedings based on the federal statute in question (Sims v. Pennsylvania R. Co. [279 Pa. 111, 123 A. 676], supra, and cases there cited), and the exercise of this jurisdiction has been approved on appeal to the United States Supreme Court. McMahon v. Montour R. Co., supra; Pursglove v. [Monongahela] R. [Co.], 285 Pa. 27, 131 A. 477, certiorari denied 270 U.S. 654, 46 S.Ct. 352, 70 L.Ed. 783.", and "Our Workmen's Compensation Act gave to a board exclusive jurisdiction of proceedings to adjudicate claims of employees, which, by consent, express or implied, it was agreed should be so disposed of, and, as to such cases, jurisdiction of the courts to try and determine is ousted. But as to demands not arising from the ordinary relation of employer and employee, such as the enforcement of rights fixed by federal statute, their powers remain as if no such state legislation was in force. It follows that there was power below to entertain the present proceeding."

In the light of the foregoing we must conclude that the Supreme Court of Pennsylvania reached the conclusion that the Compensation Act did not apply to Miller's case, not as a matter of the statutory construction of that Act but because it thought that the proper construction of the Federal Safety Appliance Acts required the ruling that Miller had a cause of action under the Safety Appliance Acts, cognizable in a court of law but not within the purview of the Compensation Law. The conclusion reached by the Supreme Court of Pennsylvania constitutes an erroneous construction of federal statutes and is not binding upon us. The remedy of the appellee lies solely in the Pennsylvania Workmen's Compensation Act and was not cognizable in an action at law.

Nor can we see how the Act of May 28, 1937, P.L. 1019, Art. IV, Sec. 52, subsection (4), 46 P.S. § 552(4), requires a different conclusion than that which we have expressed. The act referred to provides,

"That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language". The statute merely states what has been the common law of Pennsylvania for some time. See In re Buhl's Estate, 300 Pa. 29, 150 A. 86. The truth of the matter is the Supreme Court of Pennsylvania erroneously construed the scope of the Federal Safety Appliance Acts in Miller v. Reading Co. in 1928. The decision of the Supreme Court of Pennsylvania which was wrong then is still wrong. This might have been unimportant, however, for a decision of the Supreme Court of Pennsylvania when engaged purely in construing a state statute is binding upon us. In the Miller case, however, the Supreme Court of Pennsylvania undertook to construe at least to some degree the application of the Safety Appliance Acts. That this is so we think is made clear by that portion of the opinion in Ross v. Schooley, 7 Cir., 257 F. 290, certiorari denied 249 U.S. 615, 39 S.Ct. 390, 63 L.Ed. 803, quoted by the Supreme Court of Pennsylvania in the Miller case. We repeat it here: "It is immaterial whether the injured employee was at the moment engaged in interstate or intrastate commerce, because the congressional right that was called into play was the power to prescribe the equipment of interstate carriers for the protection of all persons upon such roads, both employees and travelers, regardless of their participation in interstate commerce. A state Legislature, therefore, has no more power to curtail the federal right of an employee than of a traveler. * * * But our conclusion, which rejects a result that would make the operativeness of the act dependent upon the legislative wills of the several states, and which aligns that act with the Employers' Liability Act in substantive and procedural effect, is supported by our understanding of Schlemmer v. Buffalo, etc., R. Co., 205 U.S. 1, 27 S.Ct. 407, 51 L.Ed. 681." The effect of the Tipton case was to invalidate such decisions as Ross v. Schooley thus rendering untenable the premise of Miller v. Reading Co.

Moreover this quotation from the Miller case becomes peculiarly pertinent in the case at bar when considered in the light of the decision of the Supreme Court

of the United States in the recent case of State Tax Commission v. Van Cott, 306 U.S. 511, 514, 59 S.Ct. 605, 606, 83 L.Ed. 950. Mr. Justice Black stated in regard to a decision of the Supreme Court of Utah as follows: "If the court were only incidentally referring to decisions of this Court in determining the meaning of the State law, and had concluded therefrom that the statute was itself intended to grant exemption to respondent, this Court would have no jurisdiction to review that question. But, if the State court did in fact intend alternatively to base its decision upon the State statute and upon an immunity it thought granted by the Constitution as interpreted by this Court, these two grounds are so interwoven that we are unable to conclude that the judgment rests upon an independent interpretation of the State law. Whatever exemptions the Supreme Court of Utah may find in the terms of this statute, its opinion in the present case only indicates that 'it thought the federal Constitution (as construed by this Court) required' it to hold respondent not taxable." We consider this language peculiarly apposite to the circumstances presented by the case at bar since we think it is apparent that the Supreme Court of Pennsylvania in the Miller case decided that case upon the assumption that the State of Pennsylvania did not have the power to deny to the injured employee an action at law and make his remedy under the Pennsylvania Workmen's Compensation Act an exclusive remedy.*

Accordingly, the judgment of the court below is reversed and the cause is remanded with directions to enter judgment for the appellant.

JONES, Circuit Judge (dissenting).

I should affirm the judgment for the plaintiff.

The facts of the case are fully and fairly stated in the majority opinion. Further recital is therefore unnecessary. Also, there is no disagreement that the plaintiff's right of action, whatever it may be, depends both in its origin and regulation upon the law of Pennsylvania which governs the rights of the parties. The question is simply as to what constitutes the pertinent law of that state binding upon a federal court.

*Cf. 49 Harvard Law Review 456-461; 21 Minnesota Law Review 336-338.

600

In circumstances similar in all material respects to those attending the employment of and injury to the plaintiff in the instant case, the Supreme Court of Pennsylvania has held that the injured employee's right of action against his employer for damages for the latter's negligence in the particular circumstances remains in full force and is not superseded by the Workmen's Compensation Law of the State. Miller v. Reading Company, 292 Pa. 44, 140 A. 618. The majority of this court conclude, however, that the decision of the Supreme Court of Pennsylvania in the Miller case "constitutes an erroneous construction of federal statutes and is not binding upon us". Thus free to ascertain and declare the law of the state independently, the majority hold that "The remedy of the appellee lies solely in the Pennsylvania Workmen's Compensation Act and was not cognizable in an action at law."

The resultant impasse due to these conflicting conclusions constitutes a very effective barrier to the plaintiff. Until the state rule in the Miller case is changed by competent state authority, the plaintiff's claim is not cognizable under the compensation law. Moreover, the year within which such a claim must be filed has long since passed; and, the time for filing a compensation claim is not a mere limitation of action but goes to the jurisdiction of the Compensation Board. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 602. Demmel v. Dilworth, 136 Pa. Super. 37, 7 A.2d 50. See also Guy v. Stoecklein Baking Co., 133 Pa.Super. 38, 1 A.2d 839. While the litigant's failure to pursue his rights timely in the appropriate forum will not be permitted to clothe him with a right which he would not otherwise possess, before we fault the plaintiff for his choice of action or forum, we should make certain that his choice was wrong. Of that, I am by no means convinced, hence, this dissent.

The jurisdiction of the district court does not rest upon a federally conferred right or remedy but was invoked upon the ground of diversity of citizenship with the requisite amount in controversy. The statement of claim plainly discloses that the plaintiff was under no misapprehension that the Federal Safety Appliance Acts gave him any right of action or that the appellant's breach of the duty which those Acts impose constituted any more

than evidence of the employer's negligence. The plaintiff sought federal court jurisdiction for the enforcement of an existing right recognized by the applicable local law. However, as a result of the decision now arrived at by the majority, the plaintiff finds himself without legal means for the redress of a serious injury which he admittedly suffered in the course of his employment through the established negligence of his employer. The jury's verdict concluded the facts in the plaintiff's favor; and no substantial trial error is assigned with respect to the issues of fact.

The majority assert reliance upon the ruling of the Supreme Court in Tipton v. Atchison, Topeka & Santa Fe R. Co., 298 U.S. 141, 56 S.Ct. 715, 80 L.Ed. 1091, 104 A.L.R. 831. In so doing, it seems to me that the Tipton case is applied to a situation to which that decision is not germane by its own intendment.

In the Tipton case, the Supreme Court rejected, as not being declaratory of the law of California, two decisions by state courts of intermediate appeal, reviews having been refused by the Supreme Court of the state. The reason for the rejection of the California court decisions in the Tipton case was because the state courts, instead of construing the California compensation statute as having excluded from its purview the claims there involved, erroneously construed federal statutes (Safety Appliance Acts in the one case and Boiler Inspection Act in the other) as affording "a remedy in the nature of an action for damages" which the state statute could not competently supersede. This, of course, was error. While the Safety Appliance Acts do afford an injured employee a ground for complaint for their violation, which he would not otherwise have, they neither provide nor require a remedy for the cause but leave the matter of the remedy to the regulation of the states.

I apprehend the rule to be that, where a state court excludes a claim from the operation of a state statute upon the mistaken notion that a federal statute affords a remedy for the claim, the state decision is not binding upon a federal court, but that, where the state court's exclusion of the claim from the state statute proceeds from that court's interpretation of the legislative intent with respect to the scope of the state statute, the decision in such

instance is binding upon a federal court as the decision of a competent state court declaratory of pertinent local law. The thing of importance in the particular circumstances is how the state court arrives at its exclusion of the employee's claim from the state compensation statute. Support for this view, I believe, is to be found not only in the Tipton case but also in Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 120, 44 S.Ct. 274, 68 L.Ed. 582.

After reviewing the two California decisions which were rejected in the Tipton case, Mr. Justice Roberts speaking for the Supreme Court, said, 298 U.S. at page 151, 56 S.Ct. at page 719, 80 L.Ed. 1091, 104 A.L.R. 831: "If these decisions of intermediate Courts of Appeal, and the refusal of the Supreme Court of California to review them, amount to no more than a judicial construction of the Compensation Act as having, by its terms, no application in the circumstances, they are binding authority in federal courts. If, on the other hand, the state courts excluded railroad employees injured in intrastate operations from the benefits of the Compensation Act, not as a matter of construction of the statute, but because they thought the Safety Appliance Acts required the state to afford a remedy in the nature of an action for damages, then the court below was right in disregarding that erroneous construction of the federal acts."

And, in Red Cross Line v. Atlantic Fruit Co., supra, where a New York Arbitration Act was invoked for the arbitrament of a claim arising under a maritime contract, the contention was advanced that such controversies are within the exclusive jurisdiction of the admiralty courts under the Federal Constitution and the Judicial Code. Accordingly, the New York Court of Appeals, adopting this view, dismissed the arbitration proceeding. In reversing the judgment of the Court of Appeals, Mr. Justice Brandeis, for the Supreme Court, states the argument and the answer, 264 U.S. at page 120, 44 S.Ct. at page 275, 68 L.Ed. 582, as follows: "The argument is that the Court of Appeals held, as a matter of statutory construction, that the Arbitration Law does not extend to controversies which are within the admiralty jurisdiction, and that the substantive claim sought to be enforced is so cognizable. * * * If that court had construed the Arbitration Law as excluding from its scope controversies which are within the admiralty jurisdiction, the construction given to the state statute would bind us, and there would be no occasion to consider the constitutional question presented."

What was thus clearly denominated in the Red Cross Line case as being binding upon a federal court is what I take to be the effect of the decision of the Pennsylvania Supreme Court in the Miller case where the latter court held at page 50 of 292 Pa., 140 A. at page 620, that: "Our Workmen's Compensation Act gave to a board exclusive jurisdiction of proceedings to adjudicate claims of employees, which, by consent, express or implied, it was agreed should be so disposed of, and, as to such cases, jurisdiction of the courts to try and determine is ousted. But *as to demands not arising from the ordinary relation of employer and employee,* such as the enforcement of rights fixed by federal statute, their powers remain as if no such state legislation was in force." (Emphasis supplied.)

As the claim in the Miller case arose out of the employer's violation of a duty to its employee which was not incident to "the ordinary relationship of employer and employee", the apparent intent of the state court decision was to exclude the claim from the provisions of the compensation act as not being within the purview of that statute as written. The effect of the state decision is that the legislature, by implying from the acquiescence of the parties a contract for compensation which is presumed from their failure to renounce formally the provisions of the compensation act,[1] did not thereby embrace within such implied contracts claims not arising "from the ordinary relationship of employer and employee", as known to the law of the state; and that, to do so, would require a clearly expressed intent to that end on the part of the legislature. This conclusion of the state court amounts to a judicial interpretation of the legislative intent with respect to the scope of the compensation act and, as such, constitutes a construction of the state statute.

The action of the state court in such regard was the exercise of a power peculiarly within the competency of that

---

[1] Act of June 2, 1915, P.L. 736, 738, 739, Art. III, Secs. 301 and 302, 77 P.S. §§ 431, 461.

court,—a power which it exercised in a somewhat similar manner in its construction of the compensation act with respect to a minor's right of action against his employer for damages. As originally written, Art. III, Sec. 302, of the act provided, inter ·alia, that "In the employment of minors, article three [the elective compensation provision] shall be presumed to apply, unless the said written notice [renouncing compensation] be given by or to the parent or guardian of the minor".[2] Notwithstanding the sweep of this statutory provision, the Supreme Court of the state ruled that a minor employee's action of trespass for his employer's negligence was not superseded by the compensation act where the minor was employed in violation of a state statute. Lincoln v. National Tube Co., 268 Pa. 504, 506, 112 A. 73. See also King et ux. v. Darlington Brick & Mining Co., 284 Pa. 277, 131 A. 241. Later, the legislature by amendment expressly brought the claims of illegally employed minors within the compensation act as we shall see.

The Miller case was decided in 1928. Since then the compensation act has been amended a number of times but at no time has the legislature seen fit to repudiate the intention imputed to it by the state court in the Miller case. In 1937 comprehensive and important amendments of the compensation law were enacted.[3] While the legislature then expressly offset or changed existing law under prior court decisions with respect to the act, and notably the rule as to minors under the decisions above cited,[4] nothing was done to bring within the compensation law the claims of intrastate employees for injuries received through the employer's violation of the Federal Safety Appliance Acts.

Furthermore, legislative confirmation of the intended scope of the compensation law, as limited by the State Supreme Court in the Miller case, does not rest merely upon the implication of fact. It is implied by positive law. Thus, at the same 1937 session, and prior to the amendments to which reference has just been made, the Pennsylvania legislature enacted a statute prescribing rules for statutory construction wherein it is provided: "That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language".[5] What therefore had been the legislative intent in the prior compensation act, as judicially construed, became by statutory adoption the legislative intent with respect to the amended compensation act in its unchanged provisions. Whether the Statutory Construction Act represents a valid exercise of legislative power, we need not inquire. Nor is it of importance that the rule thus statutorily promulgated had been a canon of construction judicially followed in Pennsylvania antecedently. The Statutory Construction Act of 1937 evidences none the less an expression by the legislature of its intended acceptance of the construction of the compensation law by the State Supreme Court with respect to the pertinent statutory provisions which were later reenacted by amendment without material change.[6] The point here made is simply as to the evident legislative intent.

Concededly, the power to say whether claims of intrastate employees for damages due to their employers' violation of the Federal Safety Appliance Acts shall come under the state compensation law lies with the state legislature. The Safety Appliance Acts "leave the genesis and regulation [of an employee's right of action for their breach] to the law of the states". Tipton case, 298 U.S. at pages 147 and 148, 56 S.Ct. at page 717, 80 L. Ed. 1091, 104 A.L.R. 831. When, therefore, the Pennsylvania legislature studiously refrained from subjecting such claims to the compensation law by the

---

[2] Act of June 2, 1915, P.L. 736, 739, Art. III, Sec. 302, 77 P.S. § 461.

[3] Amendment of June 4, 1937, P.L. 1552, Sec. 1, etc., 77 P.S. § 1 et seq., p. 3 et seq.

[4] See the amendments of June 4, 1937, P.L. 1552, § 1, 77 P.S. §§ 28 and 421, whereby the right to contract for compensation and to file a claim is expressly conferred upon a minor even though the employment is in violation of a state statute.

[5] Act of May 28, 1937, P.L. 1019, Art. IV, Sec. 52, subsection (4), 46 P.S. § 552 (4).

[6] Compare Secs. 301 and 302 of the Act of June 2, 1915, P.L. 736, 738, 739, with the cognate provisions in the compensation act after the amendment of June 4, 1937, P.L. 1552, Sec. 1, 77 P.S. §§ 431 and 461.

later amendments to which the legislative intent, as construed in the Miller case, is directly imputed by the legislature through the express medium of the Statutory Construction Act, it seems to me that the law of the state is thus determined. And, after all, the legislative intent, when once discovered, controls. In State Tax Commission v. VanCott, 306 U.S. 511, 59 S. Ct. 605, 83 L.Ed. 950, cited by the majority, it does not appear that there was subsequent action by the Utah legislature in apparent confirmation of the state court decision as there was in the instant case by the Pennsylvania legislature following the decision in the Miller case. Hence, the question which this appeal presents was not involved in the VanCott case.

It is true, as the majority of this court point out, the opinion of the Pennsylvania Supreme Court in the Miller case contains statements which indicate that that court thought that the Federal Safety Appliance Acts imply an employee's right of action for their breach which it is the duty of the states to supply or recognize by way of an action at law for damages. While these considerations would have been highly important in other circumstances, they seem to me to be no longer material in view of the action of the legislature, subsequent to the decision in the Miller case, particularly when contrasted with its positive action with respect to the claims of illegally employed minors. Whether or not the Pennsylvania court so mistakenly conceived the effect and requirements of the Safety Appliance Acts, it is none the less true that the Miller case contained what amounted to an independent construction of the state statute, which by reason of subsequent legislative confirmation became the more definite and authoritative. And, it was said in the Tipton case, 298 U.S. at page 155, 56 S.Ct. at page 720, 80 L.Ed. 1091, 104 A.L.R. 831, that: "A definite and authoritative decision that its [the compensation act's] scope is so limited, and that the appropriate remedy under state law is an action for damages, will, of course, be binding upon federal courts."

So bound by the law of the state, we should affirm the judgment for the plaintiff. Further changes in the compensation law are appropriately matter for legislative action whereof all persons will be duly advised and thenceforth bound. In such circumstances, claimants will not find,

after pursuing a supposed right under state law, that they have been litigating upon the horns of a dilemma by which they have been impaled.