## SCHNEIDER v. LEHIGH VALLEY R. CO.

### No. 333.

Circuit Court of Appeals, Second Circuit.

June 10, 1940.

Arthur Frank, of New York City (Herman Kahn, of New York City, of counsel), for appellant.

Alexander & Green, of New York City (H. S. Ogden, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The plaintiff's intestate met his death in the defendant's yard at Ardmore, Pennsylvania, while engaged in attempting to move a locomotive that was undergoing repairs. The repairs were extensive; they were commenced two months before the accident and were not completed until a month thereafter. Before the repairs were begun this locomotive had been used sometimes in interstate commerce and sometimes in intrastate commerce as the defendant's business might require. After they were completed the locomotive was similarly used. On the day of the accident it was to be pushed by a yard engine into the round house. To accomplish this movement the decedent held a block of wood against the rear of the locomotive, whose tender had been disconnected during the repairs, and the yard engine was to back its tender against the block of wood and then push the locomotive to its destination. In the course of this operation the decedent sustained the injuries that caused his death. The trial judge directed a dismissal of the complaint on the ground that the plaintiff's intestate was not engaged in interstate commerce.

The plaintiff is a resident of Pennsylvania, as was also her intestate, and the defendant is a Pennsylvania corporation. There being no diversity of citizenship, jurisdiction of the district court must depend upon the Employers' Liability Act even though it be assumed, without decision, that the partly dismantled locomotive was being moved in violation of the Safety Appliance Act, 45 U.S.C.A. §§ 2, 8. Tipton v. Atchison, T. & S. F. Ry. Co., 298 U.S. 141, 56 S.Ct. 715, 80 L.Ed. 1091, 104 A.L.R. 831; Gilvary v. Cuyahoga Valley Ry., 292 U.S. 57, 54 S.Ct. 573, 78 L.Ed. 1123; Geraghty v. Lehigh Valley R. Co., 2 Cir., 83 F.2d 738. That the district court correctly characterized the decedent's employment as intrastate is clear. Industrial Commission v. Davis, 259 U.S. 182, 42 S.Ct. 489, 66 L.Ed. 888; New York, N. H. & H. R. Co. v. Bezue, 284 U.S. 415, 52 S.Ct. 205, 76 L.Ed. 370, 77 A.L.R. 1370; Sullivan v. New York, N. H. & H. R. Co., 2 Cir., 74 F.2d 725. We cannot accept the appellant's contention that these cases are no longer controlling authority because of subsequent decisions with respect to the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and the Wagner Act, 29 U.S.C.A. § 151 et seq. See Virginian Ry. v. Federation, 300 U.S. 515, 557, 57 S.Ct. 592, 81 L.Ed. 789; Santa Cruz Co. v. Labor Board, 303 U.S. 453, 467, 58 S.Ct. 656, 82 L.Ed. 954.

Judgment affirmed.