**LANCER ARABIANS, INC., a Michigan corporation, Plaintiff,**

v.

**BEECH AIRCRAFT CORP. and Beech Acceptance Corp., Defendants.**

**No. 89–11–Civ–Oc–12.**

United States District Court,
M.D. Florida,
Ocala Division.

Aug. 10, 1989.

Connis O. Brown, III, McCune, Hiaasen, Crum, Gardner & Duke, P.A., Fort Lauderdale, Fla., for plaintiff.

Joseph W. Womack, Aloyma M. Sanchez, Kimbrell & Hamann, P.A., Miami, Fla., for defendants.

## ORDER CONCERNING OBJECTION TO MAGISTRATE'S ORDER

MELTON, District Judge.

This cause is before the Court on plaintiff's Objection to Magistrate's Order on Defendant's Motion to Strike Plaintiff's Claim for Punitive Damages, filed herein on June 12, 1989. Defendants responded with a memorandum in opposition to plaintiff's objection, filed herein on July 11, 1989. For the reasons stated herein, the objection will be sustained, but the Court will grant defendants' Motion to Dismiss which was filed together with the underlying Motion to Strike.

■ Plaintiff objects to the Magistrate's order dated May 26, 1989, which granted defendants' motion to strike plaintiff's claim for punitive damages. Plaintiff raises three grounds for objection, one of which must be answered at the outset. Plaintiff argues that a motion to strike is not a proper vehicle to challenge the punitive damages claim. Defendants do not oppose the technical correctness of plaintiff's point; rather, defendants argue the technicality may be overlooked. Indeed, defendants cite several cases that stand for the proposition that a motion to strike in such situations should be converted to a motion to dismiss. *See, e.g., Professional Asset Management, Inc. v. Penn Square Bank, N.A.*, 566 F.Supp. 134, 136 (W.D. Okla.1983); *Commercial Union Ins. Co. v. Upjohn Co.*, 409 F.Supp. 453, 455 (W.D.La. 1976).

The procedural posture of the motion is significant in this instance because 28 U.S.C. § 636(b)(1)(A) places a motion to dismiss beyond the Magistrate's power to determine. The admission that the motion must be treated as one to dismiss conse-

quently places the issues before this Court anew.[1] The Court, however, construes the Magistrate's ruling as a recommendation to this Court that the motion be granted on the basis that plaintiff did not satisfy the strictures of Fla.Stat. § 768.72. Given plaintiff's timely objection to the Magistrate's ruling, the Court examines the challenged aspects of the issue *de novo.*

Plaintiff's primary argument denies the applicability of § 768.72 under the *Erie*[2] doctrine. Plaintiff argues that the statute is purely procedural and therefore federal law supplants it. Defendants note that the Florida courts treat § 768.72 as substantive law, *see, e.g., Smith v. Dep't of Ins.,* 507 So.2d 1080, 1092 n. 10 (Fla.1987), and that notice-of-claim statutes, which defendants analogize to § 768.72, are given substantive application under the *Erie* doctrine, *see, e.g., Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 2318, 101 L.Ed.2d 123 (1988); *Redner v. Citrus County,* 710 F.Supp. 318, 321 (M.D.Fla.1989).

■ Although the Court does not view the present statute as comparable to the notice-of-claim statute at issue in *Redner,*[3] the principles of the *Erie* doctrine compel adherence to the procedures of § 768.72. The Court discerns this conclusion from the case plaintiff cites, *Lundgren v. McDaniel,* 814 F.2d 600 (11th Cir.1987). The *Lundgren* court accepted *arguendo* that the Florida notice-of-claim established substantive rights. *Id.* at 606. The narrow issue at stake was the permissibility of meeting the notice-of-claim requirements by filing of an amended complaint alleging compliance with the statute after the notice period lapsed. The Eleventh Circuit held that the decision whether to wait and permit the filing of an amended complaint, in lieu of dismissal of the original complaint followed by refiling of the suit, implicated a procedural question to be answered by federal law. *Id.* This conclusion was reached by application of the "twin aims of *Erie*" test set forth in *Hanna v. Plumer,* 380 U.S. 460, 469, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965).

In *Lundgren,* the court perceived that the alternative methods for handling the six-month notice-of-claim waiting period did not produce either an incentive for forum shopping or an inequitable administration of justice. 814 F.2d at 606. The court prefaced its analysis, however, with the observation that the substantive interests embodied in the statute would require a protective order suspending discovery during the pendency of the waiting period. *Id.* In other words, *Lundgren* instructs this Court to identify the substantive kernel of the statute, § 768.72, and respect those rights, but the procedural options for doing so are a matter of federal law.

In this case, though, the procedure and the substance appear inextricably intertwined. Section 768.72 "defines the conditions the plaintiff must meet to recover punitive damages.... [It] is clearly substantive because it sets the standard for establishing a claim for punitive damages.... [A]ny procedural provisions of these sections are intimately related to the definition of those substantive rights." *Smith,* 507 So.2d at 1092 & n. 10 (quoting and adopting trial court's opinion);[4] *accord Brennan v. City of Minneola,* Case No. 88–177–Civ–Oc–12, Order Denying Motions to Dismiss and to Abstain, 723 F.Supp. 1442, 1443 (M.D.Fla.1989) (finding that § 768.72 is substantive law under *Erie* doctrine). Thus, the procedures within § 768.72 shape the elements of the punitive damages claim and must be treated with

---

1. Defendants represented that their motion fell within the Magistrate's power by denominating it a motion to strike. They have now admitted that they lacked any basis for that label. The expenditure involved in the hearing of the motion by the Magistrate and the filing of objection to his order results directly from defendants' actions.

2. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

3. Notice-of-claim statutes are integral to the State's waiver of sovereign immunity and hence receive special solicitude. *See Felder,* 108 S.Ct. at 2308–09 & 2314.

4. While a state's characterization of a right as substantive is not binding, it is a relevant consideration and, in this case, the explanation is persuasive.

the respect given to substantive state law. This Court is aware of one reported case in this district that has applied § 768.72 and it does so consistent with this ruling. *See Lewis v. Snap-on-Tools Corp.*, 708 F.Supp. 1260, 1262–63 (M.D.Fla.1989) (Kovachevich, J.).

This analysis is confirmed by reference to the twin aims of *Erie.* If federal courts did not require proffer of evidence on the punitive damages claim prior to pleading and subsequent discovery on the punitive damages claim, the incentive for selecting a federal forum would increase disproportionately. Federal court would be permitting precisely the kind of "fishing expeditions" into defendants' financial records that the state statute bars. Moreover, federal courts would be permitting trial of cases with an unscreened punitive damages claim, substantially increasing the risk and exposure of many defendants. Not only would the opportunity to coerce settlements provide an incentive to select forums, it seems plain that federal courts could become party to the inequitable administration of justice if a punitive damages claim barred by § 768.72 proceeded to trial and resulted in a verdict awarding substantial punitive damages. For all these reasons, the Court finds that plaintiff must comply with § 768.72 to proceed on the punitive damages claim.[5]

The foregoing ruling is made with one caveat. Section 768.72 became effective for causes of action arising on or after July 1, 1986. *See* Fla.Stat. § 768.71(2). Plaintiff's complaint, however, alleges that the operative events took place on and after June of 1986. There may be grounds for placing the present causes of action outside the reach of the statute, but the burden rests on plaintiff to plead and establish that the statute does not apply, given the ambiguity raised by the present pleadings. *See Lewis,* 708 F.Supp. at 1262.

Plaintiff's final argument is that the intentional nature of the acts alleged modi-

fies the standard of proof from that which defendants maintain. This issue is not ripe for determination. The Court construes the Magistrate's ruling as a recommendation that plaintiff has not yet shown a reasonable basis for recovery of punitive damages. Plaintiff does not contest this finding, preferring to rely on the intentional nature of the tort alleged. This is insufficient, inasmuch as intentional torts do not *ipso facto* give rise to punitive damages. *See, e.g., Genesis Publications, Inc. v. Goss,* 437 So.2d 169, 170 (Fla.Dist.Ct.App. 1983), *cert. denied,* 449 So.2d 264 (Fla. 1984).

The Court will dismiss the punitive damages claim, but this disposition does not bar subsequent efforts to seek leave to amend to include the claim upon a proper showing of entitlement consistent with Fla.Stat. § 768.72. Accordingly, it is

ORDERED AND ADJUDGED:

1. That plaintiff's Objection to Magistrate's Order on Defendant's Motion to Strike Plaintiff's Claim for Punitive Damages is hereby sustained;

2. That the Magistrate's Order dated May 26, 1989, construed as a recommendation to grant defendant's Motion to Dismiss, is hereby adopted and confirmed;

3. That defendant's Motion to Dismiss is hereby granted; and

4. That plaintiffs' claim for punitive damages is hereby dismissed without prejudice.

DONE AND ORDERED.

---

5. The middle two sentences of the statute are addressed to interpretation of the rules of civil procedure concerning amendment and discovery. Obviously, these expressions of intent are not binding on pleadings in federal court, but the Federal Rules of Civil Procedure already express similar policies.