## In re EDGEWATER SUN SPOT, INC.

### and

**Edgar L. and Jane E. Mathieu, Debtors.**

### EDGEWATER SUN SPOT, INC., Edgar L. Mathieu and Jane E. Mathieu, Plaintiffs,

v.

### BAY BANK AND TRUST COMPANY, Defendant.

Bankruptcy Nos. 91–02304, 91–02303.
Adv. No. 92–9026.

United States Bankruptcy Court,
N.D. Florida,
Panama City Division.

Feb. 12, 1993.

William Crawford, Tallahassee, FL, for plaintiffs.

Lofton Westmoreland, Pensacola, FL, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE CLAIM FOR PUNITIVE DAMAGES

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This cause came before the Court upon Defendant's Motion to Strike Claim for Punitive Damages. On October 20, 1992, the Court heard oral argument of counsel on this Motion. At that hearing, the Court concluded Plaintiff's Complaint adequately plead a cause of action predicated on fraud pursuant to the Federal Rules of Civil Procedure, and allowed the parties 15 days to submit written briefs on the issue of whether the Plaintiff need make a pre-trial proffer of evidence to sustain a punitive damages claim in accordance with § 768.72 of the Florida Statutes. For the reasons set forth herein, the Court finds no such pre-trial proffer of evidence is necessary to sustain a punitive damages claim, and accordingly, denies the Defendant's Motion to Strike.

Reduced to its barest essence, the issue before the Court is whether the doctrine first articulated by the Supreme Court in *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), precludes the application of § 768.72 in a federal court. The *Erie* doctrine directed federal courts sitting in diversity jurisdiction to apply state substantive law while following federal court procedures. Thus the question to be resolved by this Court is whether § 768.72 is a state law of substance or procedure.[1]

---

1. Florida Statute § 768.72 provides:
   In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for the recovery of such damages. The claimant may move to amend his complaint to assert a claim for

Many of the federal courts which have analyzed the issue have found § 768.72 to be a substantive law. *See, Bankest Imports v. Isca Corporation,* 717 F.Supp. 1537 (S.D.Fla.1989); *McCarthy v. Barnett Bank,* 750 F.Supp. 1119 (M.D.Fla. 1990). These courts base their conclusion that § 768.72 is substantive law on a state supreme court ruling which says as much. *See, Smith v. Dept. of Insurance,* 507 So.2d 1080 (Fla.1987). However, this Court agrees with the analysis of Judge Nesbitt who in *Citron v. Armstrong World Industries* found that the state court's decision failed to decide whether § 768.72 is procedural or substantive for purposes of application in a federal court sitting in diversity. 721 F.Supp. 1259, 1261 (S.D.Fla.1989). Clearly state supreme courts would have powerful incentive to find any particular state law to be substantive in nature if such decisions would then become the basis for their application in federal diversity actions.

This Court instead finds the analysis of Judge Hoeveler in *State of Wisconsin Investment Board v. Plantation Square Associates* especially cogent. 761 F.Supp. 1569 (S.D.Fla.1991). In *Plantation Square,* Judge Hoeveler concluded that § 768.72 merely changed the time at which a plaintiff can plead punitive claims and which a defendant is formally exposed to such claims. *Plantation Square,* 761 F.Supp. at 1575. Under the Federal Rules of Civil Procedure, a plaintiff need only provide a short and plain statement of the claim sufficient to provide "notice" to the defendant of the nature of the claim and the grounds on which it rests. Claims which fail to provide adequate notice or which are baseless in fact may be subsequently disposed by appropriate motions. Under § 768.72, a plaintiff must proffer sufficient evidence to support a reasonable basis for recovery **before a claim for punitive damages is allowed.** Thus, application of § 768.72 in federal courts essentially

converts the notice pleading requirement to a quasi-adjudication of the plaintiff's claim, requiring evidentiary inquiry and discovery, argument of counsel and a judicial ruling. *Plantation Square,* 761 F.Supp. at 1574. Clearly § 768.72 does not add any substantive element to a claim for punitive damages, but rather, simply shifts the time for determining whether such a claim can be sustained from post-pleading to pre-pleading.

The Court finding that § 768.72 is inapplicable in the present dispute, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Strike Claim for Punitive Damages be, and hereby is denied.

DONE AND ORDERED.

---

punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of the evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.