Kurt **BAUFIELD**, Plaintiff,

v.

**SAFELITE GLASS CORPORATION,**
**Defendant.**

Civ. No. 3–91–214.

United States District Court,
D. Minnesota,
Third Division.

March 15, 1993.

Daniel W. Schermer, Schermer Law Office, Lawrence R. Altman, Altman Law Office, Minneapolis, MN, for plaintiff.

Richard Alexander Ross, Mary M. Krakow, Fredrikson & Byron, Minneapolis, MN, for defendant.

## ORDER

KYLE, District Judge.

At the conclusion of the plaintiff's case, and again at the conclusion of the presentation of all evidence, defendant moved the Court for a "directed verdict" on all issues. That motion was denied and the case was presented to the jury on the issues of alleged violations of the Minnesota Human Rights Act and Minnesota's "Whistleblower" Statute, and defamation. The issue of punitive damages with respect to Dean Ricely's alleged defamatory statements to Debra Arians was withheld from jury determination in accordance with the procedures set forth in Minn.Stat. § 549.20, subd. 4 (1992).

The Court has reconsidered its earlier ruling regarding the defendant's motion for a directed verdict on the punitive damages issue and has determined that there is no legally sufficient evidentiary basis for a reasonable jury to find in favor of the plaintiff on the issue of punitive damages, as that issue is set forth in Paragraph C of the Prayer for Relief of the Amended Complaint herein. As such, plaintiff's claim for punitive damages will be dismissed and judgment as a matter of law in favor of the defendant on that issue is ordered pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

For the benefit of the parties, and for possible appellate review of this decision, the basis for the ruling is as follows:

## Background

On March 13, 1992, United States Magistrate Judge Franklin L. Noel granted plaintiff's Motion to Amend his Complaint to state a claim for punitive damages under Minn. Stat. §§ 549.191, 549.20, subd. 1(a). Magistrate Judge Noel allowed the amendment only with respect to the statements Dean Ricely allegedly made to Debra Arians, to wit: (1) plaintiff had numerous affairs, (2) plaintiff had an affair with a waitress, and (3) plaintiff had numerous conquests. In granting the motion to amend the complaint, the Magistrate Judge concluded that Baufield had established a prima facie case that an award of punitive damages was proper. In his order, however, the Magistrate Judge did not address whether Safelite could be held liable for Ricely's communications. *See* Minn.Stat. § 549.20, subd. 2.

## Discussion

■ Punitive damages can properly be awarded against Safelite for Ricely's acts only if plaintiff established that:

(1) Ricely was employed in a managerial capacity with authority to establish policy and make planning level decisions for the principal *and* was acting within the scope of his employment, or

(2) Safelite or a "managerial agent" of Safelite (an agent employed in a managerial capacity with authority to establish policy and make planning level decisions for Safelite), ratified *or* approved Ricely's statements while knowing of their character and probable consequences.

Minn.Stat. §§ 549.20, subd. 2(c), (d).[1] Unless one of these tests provides the requisite connection between Ricely and Safelite, Ricely's conduct, no matter how severe, may not be imputed to Safelite.

The Court concludes as a matter of law that Baufield has failed to establish that Ricely's statements may be imputed to Safelite for purposes of awarding punitive damages. First, although Ricely had supervisory authority over Safelite personnel in the Chicago area, nothing introduced at trial would support a jury concluding that Ricely had authority to "establish policy and make planning level decisions." Accordingly, Ricely has failed the test provided in Minn.Stat. § 549.20, subd. 2(c).

Second, the evidence introduced at trial did not as a matter of law establish that a managerial agent of Safelite with the requisite authority "ratified or approved" Ricely's conduct. Baufield correctly points out that ratification may occur either expressly or

---

1. Minn.Stat. § 549.20, subd. 2 provides two other tests by which the principal can be liable for the acts of its agents. Neither of those tests, however, is applicable here.

impliedly. There was no evidence of express ratification. There must, therefore, be evidence of implied ratification to satisfy the test in Minn.Stat. § 549.20, subd. 2(d).

Ratification may be found where the evidence shows the intention of the principal to adopt or approve the act. *Tennant Co. v. Advance Mach. Co.*, 355 N.W.2d 720, 724 (Minn.Ct.App.1984) (citations omitted). Where a principal fails to repudiate an agent's act as soon as it is fully informed of what the agent has done, the principal may be held to ratification by implication. *Id.; Wirig v. Kinney Shoe Corp.*, 448 N.W.2d 526, 534 (Minn.Ct.App.1989), *modified on other grounds*, 461 N.W.2d 374 (Minn.1990).

In *Wirig*, several of the defendant's managerial agents, with knowledge that another manager had been harassing an employee for months, failed to take any disciplinary actions against the manager. *Id.* at 534. Under those facts, the Minnesota Court of Appeals concluded that the managers' failure to act justified a conclusion that Kinney had ratified the harassment. *Id.* at 534. Similarly, in *Tennant*, the defendant's managerial agents knew of, but failed to repudiate, an employee's repeated and illegal appropriation of a competitor's confidential information. 355 N.W.2d at 724. Thus, both *Wirig* and *Tennant* found ratification because managerial agents knew about the employee's illegal conduct and failed to reprimand or terminate the employee.

The only evidence introduced at trial here that was relevant to the question of ratification was Richard O'Neil's testimony that after learning that Ricely had communicated the statements at issue to Arians, Safelite neither disciplined nor terminated Ricely. Reading this testimony in a light most favorable to Baufield, and giving him the benefit of all reasonable inferences, this evidence would not allow a jury to conclude that Safelite knew or should have known that Ricely was defaming Baufield; the statements, though derogatory, were not false on their face. In addition, Ricely's knowledge about the statements' truth is immaterial to claims of ratification under Minn.Stat. § 549.20,

subd. 2(d); the determinative issue is the managerial agents' knowledge.

Although ratification may properly be found where managerial agents fail to repudiate wrongful conduct when they know or should know (1) of its existence and (2) that it is wrongful, Minnesota law does not require managerial agents to investigate an employee's communications concerning a *former* employee's sexual proclivities in order to determine whether the communications are true or false. Absent evidence establishing that Safelite knew or should have known that Ricely's statements were defamatory the defendant's failure to act is immaterial. Accordingly, the Court holds as a matter of law that Baufield has failed to satisfy the test in Minn.Stat. § 549.20, subd. 2(d). Accordingly, Ricely's actions may not be imputed to his principal for purposes of punitive damages and Safelite is entitled to judgment as a matter of law on Baufield's claim for punitive damages.

In view of the Court's determination that plaintiff has failed to establish the requisites for imposing liability upon Safelite for punitive damages, it is not necessary to address the "sufficiency of the evidence" on the issue. I will only add, therefore, that serious doubt exists, from my examination of the evidence, as to whether Ricely's conduct was shown by "clear and convincing evidence" to have been in "deliberate disregard" of plaintiff's rights.

### Conclusion

Based on the files, records, and proceedings herein, **IT IS ORDERED** that defendant Safelite Glass Corporation's Motion for Judgement pursuant to Fed.R.Civ.P. 50(a) is GRANTED as to plaintiff Kurt Baufield's claim for punitive damages for defamation, as set forth in Count III of the Amended Complaint. Judgment is entered in favor of defendant on plaintiff's claim for punitive damages.