Cynthia MORRIS, Plaintiff,

v.

Lawrence W. CROW, Jr., et al., Defendants.

No. 93–301–CIV–T–17–A.

United States District Court, M.D. Florida, Tampa Division.

June 23, 1993.

William S. Josey, Ryan Christopher Rodems, Alpert, Josey & Grilli, P.A., Tampa, FL, for plaintiff.

Hank B. Campbell, Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, FL, for defendants.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the court on Defendants' Motion to Dismiss filed on March 17, 1993 and Plaintiff's Memorandum in re-

sponse filed March 25, 1993. Defendants, Lawrence W. Crow, Jr., et al., move to dismiss: 1) the civil rights violation allegation against Defendants individually, 2) the civil rights violation allegation against the defendants in their official capacity, 3) the claim for punitive damages, and 4) the claim for injunctive relief. Defendants, Don McDaniel and Paul F. Alley, also move to dismiss Counts II and III against them in their official capacity.

## STANDARD OF REVIEW

█ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## FACTS

On February 22, 1993, Plaintiff filed a complaint in this cause of action pursuant to 42 U.S.C. § 1983. Plaintiff named as Defendants Lawrence W. Crow, Jr. as Sheriff of Polk County, Florida and individually; Don McDaniel, as Under–Sheriff of Polk County and individually; and Paul F. Alley, as Colonel of the Polk County Sheriff's Office and individually.

The complaint alleges the following facts in support of the suit. Plaintiff was a detective in the Polk County Sheriff's Office. In 1992, Polk County Sheriff Lawrence Crow was opposed in general election by former Sheriff Louie Mims. After Crow defeated Mims, Defendants McDaniel and Alley, Crow's senior staff, recommended that Plaintiff be fired from her job due to her alleged support of Mims during the 1992 election.

Plaintiff was thereafter transferred to uniformed patrol duty on November 30, 1992. On January 11, 1993, Plaintiff was transferred to correctional officer duty. Plaintiff asserts that the transfers were actually demotions in response to Crow and his senior staff's belief that Plaintiff had supported Louie Mims during the election. Furthermore, Plaintiff asserts that the Defendants' actions were not in the scope of their discretionary authority and were performed oppressively and in bad faith.

### *42 U.S.C. § 1983*

#### A. DEFENDANTS IN THEIR INDIVIDUAL CAPACITY

█ Count I of the complaint alleges that the Defendants, in their individual capacity, violated Plaintiff's civil rights. Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Specifically, they argue that Plaintiff had no property or liberty interest in her positions with the Polk County Sheriff's Office.

Plaintiff has alleged that Defendants: 1) acted under color of state law, 2) deprived her of her first amendment rights, and 3) that her rights were protected by the U.S. Constitution. This Court has held that inclusion of these elements in the complaint in an action under 42 U.S.C. § 1983 is sufficient to withstand a motion to dismiss. *WAM Properties, Inc. v. De Soto County, Florida,* 758 F.Supp. 1468 (M.D.Fla.1991) [citing *Little v. City of North Miami,* 805 F.2d 962, 965 (11th Cir.1986) quoting *Emory v. Peeler,* 756 F.2d 1547, 1554 (11th Cir.1985) ].

█ Defendants' argument that Plaintiff has no property interest at stake has no bearing in a First Amendment rights case. *Little v. City of North Miami,* 805 F.2d 962, 967 (11th Cir.1986), quoting *Perry v. Sindermann,* 408 U.S. 593, 596–97, 92 S.Ct. 2694, 2697–98, 33 L.Ed.2d 570 (1972). Plaintiff needs only to allege that the Defendants' actions were under color of state law which inhibited her exercise of protected rights. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Ms. Morris has alleged that the Defendants' actions were under color of state law. Furthermore, she has alleged that Defendants' actions have chilled the exercise of her First Amendment right to freedom of speech. Viewed in the light most favorable to the Plaintiff, the complaint properly asserts a cause of action under 42 U.S.C. § 1983.

## B. QUALIFIED IMMUNITY

In *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court held that "government officials generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. While the Defendants argue that they are entitled to immunity, Plaintiff in the instant case has alleged that she was demoted in violation of clearly established First Amendment law. Plaintiff has asserted that the Defendants have retaliated against her, by demoting her, for her exercise of her First Amendment rights (her alleged support of candidate Mims in the election).

The Eleventh Circuit, in *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1487 (11th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993), held that the defendants in that case were not entitled to qualified immunity at the motion to dismiss stage. The complaint had alleged a free speech claim under 42 U.S.C. § 1983. *Oladeinde,* 963 F.2d at 1483. The Court properly considered the plaintiffs' allegations as true and found that the plaintiffs had stated a free speech claim for which relief could be granted. *Id.* at 1486.

Similarly, Plaintiff's allegations in this case must be taken as true. Plaintiff alleges that Crow's staff recommended that Crow fire her due to her alleged support of Mims, that she was thereafter transferred, that her subsequent transfers were actually demotions, and that she was subject to annoyance, harassment, humiliation, and ostracism for having exercised her free speech rights. Viewed in the light most favorable to the Plaintiff, the complaint alleges sufficient facts to withstand a motion to dismiss based on qualified immunity.

## C. DEFENDANTS IN THEIR OFFICIAL CAPACITY

Defendants argue that Plaintiff has improperly attempted to sue each Defendant in their official capacity. However, in *L.S.T., Inc. v. Crow, et. al.,* 772 F.Supp. 1254, 1256 (M.D.Fla.1991), this court held that in a civil rights action the question of whether the defendants were acting in their official or individual capacities was one for the jury to decide. Consequently, the question should not be considered on a motion to dismiss. Defendants McDaniel and Alley, therefore, are not entitled to dismissal of the claims against them in their official capacities.

## PUNITIVE DAMAGES

### A. DEFENDANTS IN THEIR INDIVIDUAL CAPACITY

According to Fla.Stat. Section 768.72 (1991), "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Defendants claim that Plaintiff has not complied with this provision. However, this statute only applies where pendent state claims are brought with federal claims or in diversity suits. It "does not apply to a claim for punitive damages in a federal civil rights suit." *Brennan v. City of Minneola,* 723 F.Supp. 1442, 1443 (M.D.Fla.1989).

Defendants cite *Marcus v. Carrasquillo,* 782 F.Supp. 593 (M.D.Fla.1992) and *Lancer Arabians, Inc. v. Beech Aircraft Corp.,* 723 F.Supp. 1444 (M.D.Fla.1989) in support of dismissing the punitive damage claims. The complaint in *Carrasquillo,* however, contained pendent state claims. Moreover, *Beech Aircraft Corp.* dealt with a diversity action and a subsequent *Erie* analysis. As the Sixth Circuit has stated, the correct standard for punitive damages in a 42 U.S.C. § 1983 case is the federal one. *Hill v. Marshall,* 962 F.2d 1209, 1217 (6th Cir.1992). Since the Plaintiff in the instant case has brought suit under 42 U.S.C. § 1983, and has alleged no pendent state claims, Fla.Stat. § 768.72 does not apply.

### B. DEFENDANTS IN THEIR OFFICIAL CAPACITY

Defendants correctly contend that punitive damages are not available against local

government authorities. A claim against government officials is a claim against the governmental entity to which they belong. *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). The punitive damages claim against the Defendants, in their official capacity, is essentially a claim against the Polk County Sheriff's Office. Municipalities are immune from punitive damages. *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Similarly, local governmental entities, like the Polk County Sheriff's Office, are immune from punitive damage claims under 42 U.S.C. § 1983.

### INJUNCTIVE RELIEF

Plaintiff asks the court to grant a preliminary injunction, a temporary restraining order, and permanent injunctions against the Defendants. Defendants seek to dismiss the claims for injunctive relief; however, Plaintiff has not yet filed separate motions for that relief. The court recognizes Plaintiff's attempt to preserve her injunctive remedies, and will defer ruling on the Count III claim until the appropriate motions are filed. Accordingly, it is

**ORDERED** that Defendants' motions to dismiss the complaint against them in their individual and official capacities is **denied,** the Defendants' motion to dismiss the punitive damages claims against them individually is **denied,** the motion to dismiss the punitive damages claims against them in their official capacity is **granted,** and the ruling on the motion to dismiss claims for injunctive relief is deferred.

**DONE and ORDERED.**