**AL–SITE CORP., Plaintiff,**

v.

**VSI INTERNATIONAL, INC., and Myron Orlinsky, Defendants (Two Cases).**

**PENNSYLVANIA OPTICAL COMPANY, Plaintiff,**

v.

**AL–SITE CORP., Defendant.**

**AL–SITE CORP., Plaintiff,**

v.

**PENNSYLVANIA OPTICAL CO., a Texas Corporation, and David Ray Moore, an individual, Defendants.**

Nos. 91–0847–CIV–ATKINS, 92–0523–CIV–ATKINS, 92–2016–CIV–ATKINS and 93–0035–ATKINS.

United States District Court, S.D. Florida.

Dec. 20, 1993.

John C. Malloy, III, Miami, FL, and Peter T. Corbin, and Jonathan Hudis, Corbrin Gittes & Samuel, New York City, for Al–Site Corp.

Alan G. Greer, Floyd Pearson Richman, Greer Weill Brumbaugh & Russomanno, Miami, FL, and John M. Cone and Robert Keith Drummond, Strasburger & Price, LLP, Dallas, TX, for defendants Pennsylvania Optical Co. and David Moore.

Richard L. Horn, Keck, Mahin & Cate, Chicago, IL, for VSI Intern. and Myron Olinsky.

### ORDER ON APPEAL OF MAGISTRATE'S ORDER

ATKINS, Senior District Judge.

THIS CAUSE comes before the Court on plaintiff Al–Site Corporation's ("Al–Site") January 20, 1993 Appeal (d.e. 88) from paragraph 2 of the Magistrate Stephen T. Brown's Order, filed January 3, 1993 (d.e. 87). Defendants have filed a reply to the appeal (d.e. 118).

On November 17, 1992, Al–Site filed a Motion Seeking an Order Compelling Defendants to Respond to Certain Document Requests as Contained in Plaintiff's Second Notice of Examination (d.e. 76). The documents requested included:

14. All financial statements of each of the Defendants, including, but not limited to, those generated on an annual, quarterly or monthly basis for the period January 1989 through the present.

15. All Federal and State tax returns of each of the Defendants, including all schedules and supporting documentation, for tax reporting periods, 1989, 1990 and 1991, and any applications for extensions thereof.

Motion to Compel at 3. The Magistrate denied the Motion with respect to the above-mentioned requests as overbroad and granted the Motion for all other requests. Al–Site now appeals the portion of the Magistrate's order denying production of defendants' financial and tax records.

Al–Site contends that these materials are essential to prove punitive damages for its second cause of action arising under the Florida common law of unfair competition. Second Amended Complaint at 3–8 (d.e. 24). While this contention may be accurate, Fla. Stat. § 768.72 (1992) sets out certain conditions which must be met before a claimant may plead a claim for punitive damages. The statute provides:

In any civil action, no claim for punitive damages shall be permitted unless there is

a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

Fla.Stat. § 768.72 (1992). Therefore, if federal district courts must apply the Florida statute, the claimant must first show that evidence exists to support recovery of punitive damages before the trial court will allow a request for such damages. *Wolper Ross Ingham & Co. v. Liedman,* 544 So.2d 307, 308 (Fla. 3rd DCA 1989). Similarly, no discovery of financial worth can be made without a comparable showing. *Wisconsin Invest. Bd. v. Plantation Square Assoc., Ltd.,* 761 F.Supp. 1569, 1576–81 (S.D.Fla.1991).

After an extensive analysis, this Court concludes that all of Fla.Stat. § 768.72 must be applied here. This Court agrees with the court in *Plantation Square,* concluding that there are two elements to § 768.72: a pleading element and a discovery element. However, the two elements cannot be separated from each other as *Plantation Square* urges.

### A. *Florida Court Decisions*

The Florida Supreme Court has interpreted Fla.Stat. § 768.72 as "substantive" in terms of whether the Florida state legislature encroached on the court's rule-making authority in approving the Tort Reform Act. *Smith v. Department of Insurance,* 507 So.2d 1080, 1092 n. 10 (Fla.1987). *See also, Key West Convalescent Ctr., Inc. v. Doherty,* 619 So.2d 367, 369 (Fla. 3rd DCA 1993) (section

creates a positive legal right not to be subject to financial worth discovery until court has made determination); *Henn v. Sandler,* 589 So.2d 1334, 1335, *aff'd, en banc,* (Fla. 4th DCA 1991) (section creates a positive legal right). Nevertheless, in *Smith,* the Court did not consider the substantive aspects as applied in federal courts in light of the *Erie* doctrine. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Federal courts are not bound by state court decisions as to the effect of the United States Constitution, *Red Cross Line v. Atlantic Fruit Co.,* 264 U.S. 109, 120, 44 S.Ct. 274, 279, 68 L.Ed. 582 (1924), or federal statutes. *Tipton v. Atchison, T & S.F.R. Co,* 298 U.S. 141, 151–52, 56 S.Ct. 715, 718–19, 80 L.Ed. 1091 (1936); *Union P.R. Co. v. United States,* 313 U.S. 450, 468, 61 S.Ct. 1064, 1074, 85 L.Ed. 1453, *reh'g denied,* 314 U.S. 707, 62 S.Ct. 51, 86 L.Ed. 565 (1941). Federal courts are bound only by a decision of the highest court of a state when the decision matches the precise issue at bar. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 463, 87 S.Ct. 1776, 1781, 18 L.Ed.2d 886 (1967); *King v. Order of United Commercial Travelers,* 333 U.S. 153, 157–62, 68 S.Ct. 488, 490–93, 92 L.Ed. 608, *reh'g denied,* 333 U.S. 878, 68 S.Ct. 900, 92 L.Ed. 1153 (1948). When a state court makes a determination about the interpretation of a state substantive statute, federal courts are bound by that decision except when the decision would run counter to the U.S. Constitution or federal statutes. *See, e.g., Red Cross* and *Tipton, supra,* and *Baird v. Koerner,* 279 F.2d 623, 627 (9th Cir.1960) ("the Erie rule excepts 'matters governed by the Federal Constitution or by Acts of Congress'") (citation omitted).

If the Florida Supreme Court's decision in *Smith* is read to interpret § 768.72 as substantive when applying the *Erie* doctrine, then the opinion encroaches on the boundaries established by the Rules Enabling Act, 28 U.S.C. § 2072,[1] and the United States

---

1. The Act provides in relevant part:

   (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts.

   ⁎ ⁎ ⁎ ⁎

   (b) Such rules shall not abridge, enlarge, or modify any substantive right.

Constitution Article VI, Clause 2, the Supremacy Clause. The Constitution leaves the federal courts as the final arbiter of federal law, a role which cannot be usurped by state courts. Therefore, a state court may not construe section 768.72 in light of the *Erie* doctrine without infringing upon a federal court's authority to interpret the limits of federal law.[2]

Practically, if federal courts were not the final arbiters of *Erie* concerns, one state could rule a provision procedural while another could hold that an identical provision is substantive, thereby binding the federal courts on two different interpretations of an identical provision. Federal courts in the first state would apply the federal rule, while federal courts in the second state would be required to apply the substantive state statute. This scenario is not permissible. *Smith,* therefore, is not dispositive on the question of whether the statutory section is substantive or procedural, but does lend weight to the argument that the State of Florida intended to create a substantive right.[3]

*Plantation Square* provides an extensive analysis of the Erie doctrine and its progeny, including *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), *Byrd v. Blue Ridge Rural Electric Co-op,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), and *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), to arrive at the conclusion "that § 768.72 is both a pleading rule and a discovery rule." 761 F.Supp. at 1572. The Court agrees with *Plantation Square*'s conclusion and defers to that reasoning.

**2.** *Plantation Square* correctly holds that "the Florida Supreme Court had neither the cause *nor the capacity* to determine whether § 768.72 is substantive or procedural for purposes of federal diversity actions." 761 F.Supp. at 1575 (citations omitted) (emphasis added).

**3.** *See Lancer Arabians, Inc. v. Beech Aircraft Corp.,* 723 F.Supp. 1444, 1446 n. 4 (M.D.Fla. 1989). If the statute was held to be substantive law, federal courts would be bound by state court decisions interpreting the application of § 768.72 for non-*Erie* concerns.

**4.** Fed.R.Civ.P. 26 deals with the scope and methods of discovery.

**B.** *Plantation Square Analysis*

**1.** *Discovery Aspect*

■ This Court also agrees with *Plantation Square*'s conclusion that federal courts must give effect to the discovery provision of Fla.Stat. § 768.72. *Id.* at 1580; *see also, Key West Convalescent,* 619 So.2d 367. In brief, the court concluded that there is no conflict between § 768.72 and Federal Rule of Civil Procedure 26.[4] *Id.* at 1576–79. The analysis continued under the twin aims of *Erie:* forum shopping and preventing a change of the character or result of the litigation. *Hanna,* 380 U.S. at 468, 85 S.Ct. at 1142. Under this analysis, if one of the aims was violated, then the court must apply the statute as substantive law. *Plantation Square,* 761 F.Supp. at 1579–81. The *Plantation Square* court applied the discovery aspects of § 768.72 as substantive law because to do otherwise would lead to forum shopping.

The United States Court of Appeals for the Eighth Circuit is the only appellate court to refer even tangentially to the discovery issue under a similar South Dakota statute.[5] In comparison, the South Dakota law does not contain a provision requiring a claimant to move to amend his complaint in order to assert a claim for punitive damages, and no appellate court has ruled on that issue. In *Bierle v. Liberty Mut. Ins. Co.,* 792 F.Supp. 687 n. 5 (D.S.D.1992), *aff'd,* 992 F.2d 873 (8th Cir.1993), the district court stated that "being a diversity case, the Court must apply the [substantive] law of the state of South Dakota." (citation omitted). The district court continued, holding that "SDCL 21–1–4.1 reflects legislative intent that punitive

**5.** South Dakota's statute, S.D.Codified Laws Ann. § 21–1–4.1, is similar to Fla.Stat. § 768.72 and states in relevant part:

In any claim alleging punitive or exemplary damages, before any discovery relating thereto may be commenced and before any such claim may be submitted to the finder of fact, the Court shall find, after a hearing and based upon clear and convincing evidence, that there is a reasonable basis to believe that there has been a willful, wanton, or malicious conduct on the part of the party claimed against.

damages be awarded only for willful, wanton, or malicious conduct on the part of the party claimed against." *Id.* at 691–92. The court viewed the provision regarding discovery as creating a substantive right. Thus, a party was not subject to discovery until after a hearing was held and, upon clear and convincing evidence, the movant established a reasonable basis for believing the acts formed a basis for recovery of punitive damages. On appeal, the Eighth Circuit stated:

> We first dispose of the Bierles' argument that we should reinstate the punitive damages award. We decline to do so. We have conducted a thorough review of the record and agree with the careful opinion of the District Court. *See Bierle*, 792 F.Supp. at 691–93.

*Bierle v. Liberty Mut. Ins. Co.*, 992 F.2d 873, 875–876 (8th Cir.1993) (footnote omitted). Although the court did not explicitly reference the statutory provision, it affirmed the district court by directly referencing the portion of the district court opinion wherein the district court discussed the discovery element

of the South Dakota statute. The South Dakota district court's opinion tracks *Plantation Square*, concluding that the discovery aspects of the statute are substantive. Therefore, federal courts must apply § 768.72 by requiring a hearing prior to discovery. This Court agrees with that conclusion.

### 2. *Pleading Aspect*

■ A more complicated issue arises as to whether Fla.Stat. § 768.72 creates a substantive right for *pleading* punitive damages. While many district courts have addressed the ramifications of Section 768.72 without arriving at a consensus, no circuit court has authoritatively discussed Florida's punitive damage amendment provisions.[6] *Plantation Square* presents the most detailed analysis of the reported decisions and concludes that the pleading aspects of § 768.72 should not be applied to federal courts.

Applying the *Hanna* test, the *Plantation Square* court held that no conflict existed between Fed.R.Civ.P. 9(g)[7] and § 768.72, but

6. *See Morris v. Crow*, 825 F.Supp. 295, 298 (M.D.Fla.1993) (section 768.72 "only applies where pendant state claims are brought with federal claims or in diversity suits"); *Mahon v. City of Largo*, 829 F.Supp. 377, 385 (M.D.Fla. 1993) (section 768.72 is substantive law); *Marcus v. Carrasquillo*, 782 F.Supp. 593, 600–01 (M.D.Fla.1992) (section 768.72 is substantive state law); *L.S.T., Inc. v. Crow*, 772 F.Supp. 1254, 1256 (M.D.Fla.1991) (plaintiffs must proffer evidence providing a basis to recover punitive damages prior to pleading in complaint); *McCarthy v. Barnett Bank*, 750 F.Supp. 1119, 1127 (M.D.Fla.1990) (plaintiffs pled specific acts under § 768.72 to adequately support a claim for punitive damages); *Frio Ice, S.A. v. Sunfruit, Inc.*, 724 F.Supp. 1373, 1383 (S.D.Fla.1989) (punitive claim stricken for failure to provide evidence showing reasonable basis for recovering punitive damages); *Lancer Arabians, Inc. v. Beech Aircraft Corp.*, 723 F.Supp. 1444, 1446–47 (M.D.Fla.1989) (section 768.72 "is clearly substantive because it sets the standard for establishing a claim for punitive damages") (citation omitted); *Brennan v. Minneola*, 723 F.Supp. 1442, 1443 (M.D.Fla.1989) (recognizing that section 768.72 is substantive law even though the state statute was preempted by federal civil rights law); *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F.Supp. 1072, 1076 (M.D.Fla. 1989) (section is substantive and must be applied in diversity cases); *Bankest Imports, Inc. v. ISCA Corp.*, 717 F.Supp. 1537, 1542–43 (S.D.Fla.1989) (section requires departure from liberal requirements of notice pleading); and *Lewis v. Snap-on*

*Tools Corp.*, 708 F.Supp. 1260, 1262–63 (M.D.Fla.1989) (must proffer evidence under section 768.72).

*But see Edgewater Sun Spot, Inc. v. Bay Bank & Trust Co.*, 154 B.R. 338 (Bankr.N.D.Fla.1993) ("no pre-trial proffer of evidence is necessary"); *Burger King Corp. v. Austin*, 805 F.Supp. 1007, 1025 n. 30 (S.D.Fla.1992) (section 768.72 inapplicable in federal diversity actions); *Kingston Square Tenants Assn. v. Tuskegee Gardens, Ltd.*, 792 F.Supp. 1566, 1579 (S.D.Fla.1992) (section "768.72 is a pleading statute inapplicable to Florida state law claims being litigated in federal court"); *In re Sahlen & Assoc., Inc. Secur. Litigation*, 773 F.Supp. 342, 375 (S.D.Fla.1991) (pleading of punitive damages in federal court is governed by the provisions of FRCP 8(a)); *AmeriFirst Bank v. Bomar*, 757 F.Supp. 1365, 1378 (S.D.Fla.1991) (FRCP 9(g) applies in lieu of § 768.72); *Jones v. Wal–Mart Stores, Inc.*, 1991 WL 236503 (S.D.Fla.1991) (section 768.72 is procedural); *Geisinger v. Armstrong World Industries, Inc.*, 1990 WL 120749 (S.D.Fla.1990) (section "768.72 is a non-substantive pleading statute"); and *Citron v. Armstrong World Industries, Inc.*, 721 F.Supp. 1259 (S.D.Fla.1989) (section 768.72 is procedural and FRCP 9(g) prevails).

7. Fed.R.Civ.P. 9(g) states:

Rule 9. Pleading Special Matters
(g) Special Damage. When items of special damage are claimed, they shall be specifically stated.

an unavoidable conflict existed between the pleading aspect of § 768.72 and Fed.R.Civ.P. 8(a)(2).[8] Concluding that § 768.72 only changes the time frame in which a plaintiff can plead punitive damages, the court ruled that Fed.R.Civ.P. 8(a)(2) prevailed. Thus, *Plantation Square* held that the Florida statute created no substantive right for pleading punitive damages, only for discovery of materials related to them.

### a. Federal/State Conflict

Looking to the first test under *Hanna*, we must determine whether direct conflict exists between the Federal Rules of Civil Procedure and Florida's state law. The only potential conflicts exist between § 768.72 and Fed.R.Civ.P. 8 and 9. The Court will address each in inverse order.

First, Fed.R.Civ.P. 9(g) requires that "[w]hen items of special damage are claimed, they shall be specifically stated." There is no conflict between this rule and § 768.72 simply because the rule is silent with respect to the time in which items may be pled in the complaint. *Plantation Square*, 761 F.Supp. at 1574.

Neither does § 768.72 directly conflict with Fed.R.Civ.P. 8. *But see, id.* at 1574–76 (concluding a direct conflict exists). Specifically, Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On its face, section 768.72 does not affect the contents of the pleading. The Florida law merely requires the pleader to make a showing of specific facts before the court. If the court determines that a claimant has made a reasonable showing of evidence which would provide a reasonable basis for recovery of punitive damages, then the claimant would be granted leave to amend the complaint. *See* Section 768.72. The amended pleading need only contain a "short and plain statement" showing that pleader is entitled to punitive damages.

### b. Dual Aims of *Erie*

Since the first *Hanna* conflict requirement is not met, the court must proceed to the dual goals of *Erie*. *Hanna*, 380 U.S. at 468, 85 S.Ct. at 1142. *Erie* requires the Court to look at whether ignoring the state statute could lead to a significant change in the "character or result of the litigation" so as to "unfairly discriminate against citizens of the forum state" or to cause the plaintiff to prefer one forum over the other. *Hanna*, 380 U.S. at 468 n. 9, 85 S.Ct. at 1142 n. 9.

Recently, the Supreme Court of the United States adopted amendments to the Federal Rules of Civil Procedure pursuant to 28 U.S.C. § 2072. These amendments took effect on December 1, 1993, and govern all proceedings in civil cases, both newly commenced and pending.

These changes affect the forum shopping analysis presented in past cases and require a different result. Specifically, the Court amended the General Provisions Governing Discovery, Fed.R.Civ.P. 26 as follows:

(a) Required Disclosures; Methods to Discover Additional Matter.

(1) Initial Disclosures. Except to the extent otherwise stipulated or directed by order or local rule, a party shall, **without awaiting a discovery request,** provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and

---

**8.** Fed.R.Civ.P. 8(a)(2) states:
  Rule 8. General Rules of Pleading
    (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief....

copying as under Rule 34 [Production of Documents] the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in that action or to indemnify or reimburse for payments made to satisfy the judgment.

Unless otherwise stipulated or directed by the court, these disclosures shall be made at or within 10 days after the meeting of the parties under subdivision (f). A party shall make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Fed.R.Civ.P. 26 (emphasis added). As the committee notes describe,

this subdivision imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement. The rule requires all parties ... early in the case to exchange information regarding potential witnesses, documentary evidence, damages, and insurance.... **A major purpose of the revision is to accelerate the exchange of basic information** about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives.

Amendments at 224–25 (emphasis added).

Many litigants may interpret newly amended Rule 26 in a way to prematurely force production of financial information. In a Florida state court, punitive damages discovery would not be allowed prior to the evidentiary hearing described in section 768.72 under any circumstances. Under the new Rule 26, the opposite occurs—parties must *immediately* produce such information "without awaiting a discovery request." Fed. R.Civ.P. 26.

If the Court did not impose all of Section 768.72's provisions, Florida plaintiffs may prefer federal courts over state courts; federal pleadings would be able to contain claims for punitive damages prior to hearings and judicial acceptance while state pleadings would not. Under this scenario, a claimant alleging a small punitive damages claim could obtain immediate access to "otherwise protected financial records" or use the threat of this discovery as an "unearned bargaining chip." *Plantation Square*, 761 F.Supp. at 1579–80. This forum shopping problem is the precise practice *Hanna* intended to restrain.

By its terms, Section 768.72 creates a substantive right not to be subjected to discovery without a "reasonable basis for recovery of [punitive] damages." The right is likewise demonstrated by the mandate that "[n]o discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted." Fla.Stat. § 768.72. Thus, discovery cannot occur without a successful hearing on amending the pleading. *See Plantation Square*, 761 F.Supp. at 1580. To permit the pleading to occur without the hearing changes the plain language of the statute by dividing it into two sections. Admittedly, the Court's holding that both pleading and discovery are substantive, as opposed to *Plantation Square*'s holding that only discovery is substantive, only changes the time of the evidentiary hearing to conform with Florida's requirements. However, failing to apply section 768.72 in this manner leads to forum shopping and an inequitable application of the law. Under the confines of *Erie*, § 768.72 must be applied as substantive law.

C. *Other Jurisdictions*

Other federal courts have interpreted statutory provisions similar to Section 768.72 with the exception that other state statutes do not include the final sentence relating to discovery preclusion. Notwithstanding the lack of this clause, these courts conclude that

the respective statutes create a right not to be subject to discovery of material relating to punitive damages. *See Baufield v. Safelite Glass Corp.,* 829 F.Supp. 285 (D.Minn.1993) (Minnesota amending provision); *Security Savings Bank v. Green Tree Acceptance Inc.,* 739 F.Supp. 1342, 1352–53 (D.Minn.1990) (Minnesota amending provision); *In re Air Crash Disaster at Stapleton International Airport, Denver,* 720 F.Supp. 1445, 1448–54 (D.Colo.1988) (reviewing Colorado, Idaho and Texas laws); and *Windsor v. Guarantee Trust Life Insurance Co.,* 684 F.Supp. 630, 632–34 (D.Idaho 1988) (Idaho amending provision). *But see, Worthem v. Gillette Company,* 774 F.Supp. 514, 515–17 (N.D.Ill.1991) (Illinois amending provision); *NAL II, Ltd. v. Tonkin,* 705 F.Supp. 522, 526–29 (D.Kan. 1989) (Kansas amending provision). The right to be free from discovery related to punitive damages is created by Florida's statute as a whole and must be applied as a whole.

The Supreme Court examined conflicts of law rules to determine the boundaries of substantive law in *Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975). Therein, the Court stated:

> A federal court in a diversity case is not free to engraft onto those state rules exceptions or modifications which may commend themselves to the federal court, but which have not commended themselves to the State in which the federal court sits. The Court of Appeals in this case should identify and follow the Texas conflicts rule. What substantive law will govern when Texas' rule is applied is a matter to be determined by the Court of Appeals.

*Id.,* 423 U.S. at 4–5, 96 S.Ct. at 168. To apply Section 768.72 in the manner prescribed in *Plantation Square* is such a prohibited modification. Based on this, district courts cannot rewrite Florida's statutory provisions to accomplish *Erie*'s goals.[9] Further, there is no need to reinterpret Section 768.72 since there is no conflict between the Federal Rules and Florida's law.

9. *See Lancer Arabians,* 723 F.Supp. at 1446–47.

### D. *Conclusion*

After a thorough analysis of the record and of reported case law, the Court concludes that Fla.Stat. § 768.72 can not be divided into multiple sections without changing the meaning of the statute. Therefore, all of Section 768.72 must be applied as substantive law.

In the case *sub judice,* there is no indication that Al–Site has met the statute's conditions. Al–Site simply pled punitive damages in its Second Amended Complaint (d.e. 24). Inclusion of punitive damages associated with Al–Site's second cause of action arising under the Florida common law of unfair competition is premature and improper under § 768.72.

Based on the foregoing reasons, it is

ORDERED AND ADJUDGED that the January 6th, 1993 Order (d.e. 87) denying Al–Site's motion to Compel Defendants to Produce Certain Documents Requested (d.e. 76) is *AFFIRMED.* Accordingly, it is

ORDERED AND ADJUDGED that Al–Site's motion to compel document requests # 14 and # 15 is *DENIED.* Al–Site must comply with the pleading aspects of § 768.72 before discovery of the materials relating to punitive damages will be permitted.

If necessary, plaintiff Al-site *shall* file a Motion for Evidentiary Hearing within ten (10) days from the date of this Order pursuant to Fla.Stat. § 768.72.

DONE AND ORDERED.